FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 APR -8  PM 12: 12

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case No.  8:15-cv-840-T-35-AEP

ROSEANN MICHELLE GILL, as Parent and
Next Friend of K.C.R., a minor,

      Plaintiff,

vs.

POLK COUNTY SHERIFF'S OFFICE,
GRADY JUDD, individually, and
JONATHAN MCKINNEY, individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ROSEANN MICHELLE GILL, as Parent and Next Friend of K.C.R. (hereinafter referred to as "Plaintiff" and/or "K.C.R."), by and through her undersigned counsel, and sues Defendants, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO"), GRADY JUDD, individually (hereinafter referred to as "Judd"), and JONATHAN MCKINNEY, individually (hereinafter referred to "McKinney") (all Defendants are hereinafter collectively referred to as "Defendants"), and seeks damages against Defendants and a declaration that Defendants have violated Plaintiff's civil rights and for further relief as this Court deems just and proper, and states as follows:

## INTRODUCTION

This case stems from an effort by Defendants to use the tragic death of a young girl as an opportunity for media attention and self-aggrandizement. Without any factual or legal basis, Defendants charged Plaintiff K.C.R., then a 12-year-old girl, with felony aggravated stalking, and labeled her a cyber-bully in the national media, after blaming her for a classmate's apparent suicide. Although the charges were unsubstantiated and ultimately dropped, the incident left Plaintiff devastated and irreparably damaged.

## PARTIES

1.     Plaintiff K.C.R. is a resident of Polk County, Florida and at the time of the event was a twelve (12) year old minor.

2.     Judd at all material times hereto was the Sheriff of PCSO. Judd is being sued in his individual capacity.

3.     McKinney at all material times was a Deputy with the PCSO. McKinney is being sued in his individual capacity.

4.     PCSO is situated in Polk County, Florida and is a law enforcement agency in Polk County, Florida that can sue and be sued in its own name. In the alternative, as to the claims against PCSO this suit should be construed as an action against the Sheriff of Polk County in his official capacity. As referred to above in paragraph 2, the Sheriff, Judd, is also being sued in his individual capacity.

## VENUE AND JURISDICTION

5.     This action is proper in the Federal Court for the Middle District of Florida, Tampa Division, as all acts material to this cause of action occurred in Polk County, Florida, and this is where the cause of action accrued.

6.     This is a claim for damages.

7.     Jurisdiction is conferred with this Court by 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution and laws of the United States, and by 28 U.S.C. §1343(a)(3)(4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

8.     Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant PCSO of her claims six (6) months or more prior to the filing of this action, and said claims were not resolved.   Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

9.     All conditions precedent to the filing of this action have occurred, accrued or been waived as a matter of law.

## COMMON ALLEGATIONS

10.     On September 9, 2013 a twelve (12) year old minor apparently jumped off a silo at an abandoned cement plant in Lakeland, Florida.  The tragic event was reported by PCSO as a suicide.

11.     The Sheriff of PCSO at all material times herein was Judd.  As of the time of filing of this lawsuit Defendant, Judd appeared on numerous radio shows, television shows and held press conferences relating to the suicide of the minor child.

12.     Thereafter in what can only be described as a "witch hunt," the PCSO, at the direction of Defendant Judd, commenced a hurried investigation into the suicide of this minor child.

13.     The investigation began more as publicity stunt than an actual law enforcement activity so that Defendant, Judd could publicize his attempt to stamp out "cyber bullies".

14.    The investigation that was directed by Defendant Judd, focused on other minor children that at some point had either attended school with the individual or had had any contact at all with the individual.

15.    Defendant McKinney was the primary deputy involved in the investigation at the request of Defendant Judd.

16.    On or about October 14, 2013, a law enforcement officer employed by PCSO, acting under the direction of Defendant Judd and supervision of Defendant McKinney, arrested Plaintiff K.C.R. on the felony charge of Aggravated Stalking of a Minor Under 16 Years of Age at her home in Lakeland, Florida.

17.    Subsequent to the arrest of Plaintiff K.C.R., Defendant Judd released Plaintiff K.C.R.'s personal information, including her full name and mugshot, at a press conference conducted on or about October, 2013.

18.    Thereafter, Defendant Judd continued to conduct several news conferences and interviews regarding the arrest.

19.    During the news conferences held by PCSO, Defendant Judd falsely accused Plaintiff, K.C.R., of being responsible for the tragic suicide of a former classmate.

20.    During the news conferences, PCSO, through Defendant Judd stated that Plaintiff, K.C.R. was a "felon", "harasser", "stalker" and "a person that tormented the victim".

21.    Thereafter, Judd made appearances on several local and national news programs, repeating the above-referenced statements and portraying Plaintiff as the poster child example of a cyber-bully.

22.    The charges against Plaintiff, K.C.R. were felony charges which authorized the release of juvenile arrest information to the public.

23.     The PCSO, through Defendant Judd, distributed photographs of Plaintiff, K.C.R.'s name and mug shot to national news media.

24.     At this time PCSO had admitted that it had not been able to obtain any actual text messages between Plaintiff, K.C.R. and the alleged victim.   Nevertheless, PCSO arrested Plaintiff, K.C.R. without any evidence of text messages.

25.     Defendant McKinney, in an attempt to abide by the commands of Defendant Judd and in an attempt to provide some rationale for the arrest of Plaintiff, K.C.R. provided an affidavit.  However, the affidavit provided by Defendant McKinney was false and it was known to be false by Defendant McKinney and by Defendant Judd.  A few of the material false statements contained in the affidavit were that Plaintiff, K.C.R. confessed that she "bullied" the victim, and that Plaintiff K.C.R. participated in and initiated a pattern of conduct between December 2012 and February 2013 with the purpose of maliciously harassing the victim. Further, Defendant McKinney swore under oath that it had been determined that the malicious harassment of the victim perpetrated by Plaintiff K.C.R. was a contributing factor in the victim's decision to commit suicide.

26.     In reality, Plaintiff K.C.R. had no interaction with the alleged victim for nearly a year preceding the suicide while she was attending middle school with the victim and the interaction was not bullying.  Further, Plaintiff K.C.R. never confessed to bullying the victim.

27.     After an investigation by the State Attorney's Office and review of the alleged evidence of the investigation conducted by the PCSO, the State Attorney's Office determined that there was no evidence to support any criminal charges against Plaintiff K.C.R.

28.    In November 2013, approximately one month after Plaintiff K.C.R. had been arrested, charged, and vilified by Defendants, all charges against Plaintiff K.C.R. were dismissed.

## COUNT I - FALSE ARREST/FALSE IMPRISONMENT (PCSO)

COMES NOW, Plaintiff ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO") for damages and for such further relief as this Court deems just and proper and states as follows:

29.    This is a cause of action for false arrest/false imprisonment and detention against the PCSO for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

30.    Plaintiff realleges the allegations contained in paragraphs 1 and 4 through 28 above as if fully set forth herein.

31.    On or about October 14, 2013, the PCSO, through its employees and agents acting in accordance with the scope of their duties as law enforcement officers caused Plaintiff to be deprived of her freedom and liberty and restrained her in her movements at the scene of the arrest and detention and continued until she was released from custody.

32.    Plaintiff did not consent to the aforementioned actions of PCSO, its employees and agents and the actions were against the will of Plaintiff.

33.    The restraint of Plaintiff by PCSO through its employees and agents acting in the course and scope of their duties as law enforcement officers was unlawful.

34.    As a direct and proximate result of PCSO's actions through its employees and agents for which the PCSO is responsible, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering,

embarrassment, humiliation, disgrace and injury to her feelings and reputation, physical and emotion aspects which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, POLK COUNTY SHERIFF'S OFFICE, for damages caused and for such further relief as this Court deems just and proper.

### COUNT II - FALSE ARREST/FALSE IMPRISONMENT (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd"), and herein seeks damages and for any other and further relief as this Court deems just and proper, and states as follows:

35.     This is a cause of action for false arrest/false imprisonment and detention against Judd for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

36.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7, and 9 through 28 as if fully set forth herein.

37.     On or about October 14, 2013, Judd caused Plaintiff to be deprived of her freedom and liberty and restrained in her movements at the scene of her arrest and detention and continuing until she was released from custody.

38.     The restraint of Plaintiff was caused by Judd and was unlawful.

39.     As a direct and proximate cause of Judd's actions, Plaintiff was illegally detained and arrested and was forced to be incarcerated and suffered all consequences of the wrongful arrest.

40.     As a direct result of Judd's actions, Plaintiff has suffered damages. As a direct result of said arrest, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

41.     The actions of Judd were done in bad faith, with malice and in reckless disregard for the rights of Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant GRADY JUDD, individually, and award compensatory damages, court costs, and such other further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of KATELYN CANDICE K.C.R., seeks an award of punitive damages to punish Defendant, GRADY JUDD, individually, for his conduct, which would deter him and others from such conduct in the future.

### COUNT III - FALSE ARREST/FALSE IMPRISONMENT (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant JONATHAN MCKINNEY, individually (hereinafter referred to as "McKinney"), and herein seeks damages and for any other and further relief as this Court deems just and proper, and states as follows:

42.     This is a cause of action for false arrest/false imprisonment and detention against McKinney for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

43.     Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, 7, and 9 through 28 as if fully set forth herein.

44.     On or about October 14, 2013, McKinney caused Plaintiff to be deprived of her freedom and liberty and restrained in her movements at the scene of her arrest and detention and continuing until she was released from custody.

45.     The restraint of Plaintiff was caused by McKinney and was unlawful.

46.     As a direct and proximate cause of McKinney's actions, Plaintiff was illegally detained and arrested and was forced to be incarcerated and suffered all consequences of the wrongful arrest.

47.     As a direct result of McKinney's actions, Plaintiff has suffered damages. As a direct result of said arrest, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

48.     The actions of McKinney were done in bad faith, with malice and in reckless disregard for the rights of Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, JONATHAN MCKINNEY, individually.   Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., seeks an award of punitive damages to punish Defendant, JONATHAN MCKINNEY, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT IV - MALICIOUS PROSECUTION (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter

9

referred to as "Judd"), and in support thereof states as follows:

49.    This is a cause of action for malicious prosecution against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

50.    Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 28 as if fully set forth herein.

51.    Judd owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Plaintiff.

52.    On October 14, 2013 and thereafter, Judd with malicious purpose caused a prosecution and continued prosecution to be instituted against Plaintiff.

53.    Said prosecution was instituted without probable cause by Judd, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

54.    There was absence of probable cause to arrest and prosecute Plaintiff and for the continued prosecution against Plaintiff.

55.    In November 2013, the prosecution against Plaintiff was terminated in favor of Plaintiff on the merits.  The termination of the prosecution constituted a bona fide termination of those proceedings in favor of Plaintiff.

56.    Judd acted maliciously and in bad faith against the Plaintiff at all times mentioned herein.  No prosecution or continued prosecution of Plaintiff would have occurred but for the actions of Judd.

57.    As a direct result of Judd's actions, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the

physical and emotional aspects of which are continuing to this day and are likely to continue in the future. Plaintiff also suffered damages as the result of being forced to hire counsel and incur attorney's fees and costs to defend the prosecution.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, GRADY JUDD, individually, for damages and costs and expenses incurred in defending the prosecution and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R, individually, seeks an award of punitive damages to punish Defendant, GRADY JUDD, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT V - MALICIOUS PROSECUTION (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, JONATHAN MCKINNEY (hereinafter referred to as "McKinney"), and in support thereof states as follows:

58.    This is a cause of action for malicious prosecution against McKinney and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

59.    Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, 7 and 9 through 28 as if fully set forth herein.

60.    McKinney owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Plaintiff.

61.    On October 14, 2013 and thereafter, McKinney with malicious purpose caused a prosecution and continued prosecution to be instituted against Plaintiff.

62.    Said prosecution was instituted without probable cause by McKinney, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

63.    There was absence of probable cause to arrest and prosecute Plaintiff and for the continued prosecution against Plaintiff.

64.    In November 2013, the prosecution against Plaintiff was terminated in favor of Plaintiff on the merits. The termination of the prosecution constituted a bona fide termination of those proceedings in favor of Plaintiff.

65.    McKinney acted maliciously and in bad faith against the Plaintiff at all times mentioned herein. No prosecution or continued prosecution of Plaintiff would have occurred but for the actions of McKinney.

66.    As a direct result of McKinney's actions, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future. Plaintiff also suffered damages as the result of being forced to hire counsel and incur attorney's fees and costs to defend the prosecution.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter judgment against Defendant, JONATHAN MCKINNEY, individualy, for damages and costs in the prosecution of this matter, expenses incurred in defending the prosecution and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., seeks an award of punitive damages to punish Defendant,

JONATHAN MCKINNEY, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VI - INVASION OF PRIVACY (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD (hereinafter referred to as "Judd") and in support therefore states as follows:

67.     This is a cause of action for violation of right to privacy against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

68.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 28 above as if fully set forth herein.

69.     There is a cause of action for invasion of privacy.

70.     Plaintiff has a right to be let alone and free from intrusion into her life.

71.     Judd intruded into Plaintiff's personal solitude and seclusion. Judd also published private facts about Plaintiff that were unjustified.

72.     The actions of Judd were done in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of the human rights, safety and property of Plaintiff.

73.     As a result of the actions of Judd, Plaintiff has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, GRADY JUDD, individually, for all damages,

and such other and further relief as this Court deems just and proper.  Further Plaintiff seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct, which would deter him and others from such conduct in the future.

### COUNT VII - INVASION OF PRIVACY (PCSO)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO") and in support therefore states as follows:

74.   This is a cause of action for invasion of privacy against PCSO and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

75.   Plaintiff realleges the allegations contained in paragraphs 1, 4 and 5 through 28 above as if fully set forth herein.

76.   Plaintiff is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

77.   On October 14, 2013, the actions of employees and agents of PCSO, acting within the course and scope of their employment, did violate Plaintiff's right to privacy.  PCSO arrested Plaintiff and held press conferences as to the arrest and published private facts about Plaintiff that were unjustified and all without probable cause that Plaintiff had committed any crime.

78.   As a result of the actions of the agents and employees of PCSO, Plaintiff has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter a judgment against Defendant, POLK COUNTY

SHERIFF'S OFFICE, for all damages and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd") and in support therefore states as follows:

79.     This is a cause of action for intentional infliction of emotional distress against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

80.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 28 above as if fully set forth herein.

81.     Judd owed a duty of care to the citizenry in general, and specifically in this case, owed a duty of care to Plaintiff.

82.     Judd caused Plaintiff to be unduly incarcerated, charged with a felony, caused her photograph to be published worldwide and subjected her to undue prosecution.  Judd purposely held press conferences where he defamed Plaintiff and accused her of being a murderer all for his personal benefit and publicity and all without probable cause to believe Plaintiff had committed a crime.

83.     Judd knew or should have known that the aforementioned acts would result in severe emotional distress to Plaintiff, a minor.  Judd acted with bad faith or with malicious purpose.

84.     Judd intended his behavior and knew or should have known the emotional distress that was likely to result.

85.    Judd's conduct was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. The conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully request this Court to enter a judgment against Defendant, GRADY JUDD, individually, for all damages and for such other and further relief as this Court deems just and proper under the circumstances. Plaintiff further seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct, which would deter him and others from such conduct in the future.

## COUNT IX - 42 U.S.C. §1983 (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd") and in support thereof states as follows:

86.    This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Judd.

87.    Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 28 above as if fully set forth herein.

88.    Plaintiff has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

89.     On October 14, 2013, Judd, under the color of law and as an employee of the PCSO, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause or arguable probable cause that Plaintiff had committed a violation of law, caused Plaintiff to be arrested and deprived of her liberty thereby causing Plaintiff physical and emotional pain and suffering, all in direct violation of the United States Constitution.

90.     The primary, obvious, and sole purpose of the illegal and wrongful detention of Plaintiff's person was to deprive and infringe upon Plaintiff's constitutional rights.  As a result, Plaintiff was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and for all damages that resulted therefrom.

91.     Judd knew that his actions would deprive Plaintiff of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

92.     Judd took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and the rights of Plaintiff.  The acts of Judd violated clearly established constitutional rights of Plaintiff, the rights of which every reasonable member of the public or governmental entity should have known.

93.     Judd had no probable cause or arguable probable cause to believe that Plaintiff had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Plaintiff's constitutional rights.

94.     As a direct result of the actions of Judd, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation,

the physical and emotional aspects of which are continuing to this day and are likely to continue in the future and all other damages associated with the violation of Plaintiff's constitutional rights, which exist to this day and which emotional suffering and damage is likely to continue in the future.

95.     Plaintiff also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

96.     Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from Judd a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, GRADY JUDD, and to award Plaintiff her attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.  Further, Plaintiff seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct which would deter him and others from such conduct in the future.

## COUNT X - 42 U.S.C. §1983 (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, JONATHAN MCKINNEY (hereinafter referred to as "McKinney") and in support thereof states as follows:

97.     This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against McKinney.

98.     Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 7, 7 and 9 through 28 above as if fully set forth herein.

99.     Plaintiff has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

100.    On October 14, 2013, McKinney, under the color of law and as an employee of the PCSO, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause or arguable probable cause that Plaintiff had committed a violation of law, caused Plaintiff to be arrested and of her liberty thereby causing Plaintiff physical and emotional pain and suffering, all in direct violation of the United States Constitution.

101.    The primary, obvious, and sole purpose of the illegal and wrongful detention, and search of Plaintiff's person was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and for all damages that resulted therefrom.

102.    McKinney knew that his actions would deprive Plaintiff of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

103.    McKinney took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of McKinney violated clearly established constitutional rights of Plaintiff, the rights of which every reasonable member of the public or governmental entity should have known.

104.   McKinney had no probable cause or arguable probable cause to believe that Plaintiff had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Plaintiff's constitutional rights.   Further, McKinney made false statements, which caused Plaintiff's rights to be violated.

105.   As a direct result of the actions of McKinney, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

106.   Plaintiff also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

107.   Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from McKinney a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, JONATHAN MCKINNEY, and to award Plaintiff her attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.   Further, Plaintiff seeks an award of punitive damages to punish Defendant, JONATHAN MCKINNEY, for his conduct which would deter him and others from such conduct in the future.

### COUNT XI - 42 U.S. §1983 (PCSO)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and hereby sues Defendant, POLK COUNTY SHERIFF'S

OFFICE (hereinafter referred to as "PCSO"), and in support thereof states as follows:

108.    This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against PCSO.

109.    Plaintiff realleges the allegations contained in paragraphs 1, 4, 5, 6, 7 and 9 through 28 above as if fully set forth herein.

110.    Plaintiff has a right to be free from unreasonable searches and seizures of her person and property, under the Fourth and Fourteenth Amendments to the United States Constitution and to be secure that no search or restraint of her person shall occur except upon due process of law.

111.    Plaintiff has the right to be free from violations to her constitutional rights.

112.    On or about October 14, 2013, PCSO, through its employees and agents acting in the scope of their employment, under color of law, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause that Plaintiff had committed a violation of any law, illegally arrested Plaintiff and caused Plaintiff to be deprived of her liberty, thereby causing Plaintiff physical and emotional pain and suffering.

113.    Further, PCSO acted with the deliberate indifference to the constitutional rights of Plaintiff as a result of having either no policy in place or a policy that permitted the wrongful detention and/or arrest of Plaintiff and the violation of her constitutional rights.  Further, the arrest was coordinated by and ordered by Sheriff Judd who is the final policy maker of the PCSO.

114.    PCSO had a custom and policy that permitted, encouraged, condoned, and ratified the violation of Plaintiff's constitutional rights.

115.    The actions of PCSO, as well as other employees and/or agents of PCSO were done pursuant to the customs and practices of the PCSO and with the authorization of its final policy maker Sheriff Judd.

116.    PCSO failed to properly train and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures and arrests of citizens.

117.    The employees of PCSO had inadequate training in the constitutional rights guaranteed by the United States Constitution.

118.    The acts of the employees of PCSO were a direct and proximate result of the failure of PCSO to train its officers in proper search and seizure techniques, and rights to privacy.

119.    PCSO, through its final decision maker Sheriff Judd, directly under color of law, approved, ratified and ordered the unlawful and deliberate conduct of PCSO as described above.

120.    As a direct and proximate result cause of the actions of PCSO, Plaintiff has suffered damages including physical pain and suffering, emotional anguish and damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

121.    Plaintiff also suffers as a result of the loss of her constitutional rights.

122.    Plaintiff has retained the services of the undersigned counsel to bring this action under 42 U.S.C. §1983, and is entitled to recover from PCSO a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties to this action, and to enter an award of all damages against Defendant, POLK COUNTY SHERIFF'S OFFICE, and to award attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable laws.

## COUNT XII - DEFAMATION (PCSO)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and hereby sues Defendant, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO"), and in support thereof states as follows:

123.    Plaintiff hereby realleges and incorporates paragraphs 1, 4 and 5 through 28 as if fully set forth herein.

124.    This is an action for damages for defamation.

125.    The above referenced statements made and published by PCSO through its employees were false and defamatory statements concerning Plaintiff.

126.    PCSO made and published these false and defamatory statements against Plaintiff without reasonable care as to the truth or falsity of the statements.  If fact, PCSO continues to this day to make the press release available on its website providing details of Plaintiff K.C.R.'s arrest, along including her photograph.

127.    Although PCSO knew or should have known that the statements were defamatory, Defendant PCSO proceeded to publish the false and defamatory statements without regard to Plaintiff and published these statements to thousands of third parties through news conferences and interviews.

128.    The actions taken by PCSO constituted unprivileged publications to third parties of the above referenced false and defamatory statements about Plaintiff.

129.    The fault of PCSO amounted to negligence on the part of the publisher and were done with an attempt to injure Plaintiff's reputation.  The above statements were made with the intent to expose Plaintiff to hatred, ridicule or contempt and charged Plaintiff with committing a crime and injured Plaintiff's reputation.

130.    The actions of PCSO were the direct and proximate result of the damages suffered by Plaintiff as Plaintiff has suffered loss of reputation, embarrassment, humiliation, outrage and has otherwise been directly damaged by PCSO's unprivileged actions.

131.    In excess of the specific damages suffered by Plaintiff, Plaintiff is entitled to special damages due to the special harm caused by the unprivileged publication.

132.    Defendant made and published these false and defamatory statements and did not exercise reasonable care in publishing the defamatory statements to third parties.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., demands that this Court render judgment against Defendant, POLK COUNTY SHERIFF'S OFFICE, and award all damages, including interest, costs and any and such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430(b), Fla.R.Civ.P., Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., demands trial by jury on all issues so triable.

Dated: April  8  , 2015.

HOWARD S. MARKS
Florida Bar No.: 0750085
Email: hmarks@burr.com
Secondary Email: dmmorton@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**LAWRENCE G. WALTERS**
Florida Bar No. 0776599
Email: Larry@firstamendment.com
Secondary Email: paralegal@firstamendment.com
**WALTERS LAW GROUP**
195 W. Pine Avenue
Longwood, Florida 32750-4104
Telephone: (407) 975-9150
Facsimile: (407) 774-6151

*Attorneys for Plaintiff*