**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROSEANN MICHELLE GILL, as Parent and Next Friend of K.C.R., a minor,**

**Case No. 8:15-cv-840-T-35-AEP**

**Plaintiff,**

**vs.**

**POLK COUNTY SHERIFF'S OFFICE, GRADY JUDD, individually, and JONATHAN MCKINNEY, individually,**

**Defendants.**
**_______________________________/**

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

Defendants, Polk County Sheriff's Office ("Polk County"), Grady Judd ("Sheriff Judd"), individually, and Johnathan McKinney ("Detective McKinney"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, move to dismiss Plaintiff's complaint (Doc. No. 1), filed on April 8, 2015.

## I. INTRODUCTION AND BACKGROUND

Plaintiff asserts the following state claims in her 12-count Complaint: Count I – False Arrest/False Imprisonment (Polk County Sheriff's Office)[1]; Count II – False Arrest/False Imprisonment (Sheriff Judd, individual); Count III – False Arrest/False

[1] Polk County Sheriff's Office is not the proper party to this suit and all claims against it should be dismissed. *See Ramirez v. Hillsborough Cnty. Sheriff's Office*, No. 8:10-CV-1819-T-23TBM, 2011 WL 976380, at *1 (M.D. Fla. Mar. 18, 2011); *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). In anticipation of Plaintiff correcting her error, and for ease of reference, Defendants will refer to the claims against Sheriff Judd in his official capacity and in his individual capacity. For ease of reference, this motion will refer to K.C.R. as "Plaintiff."

Imprisonment (Detective McKinney); Count IV – Malicious Prosecution (Sheriff Judd, individual); Count V – Malicious Prosecution (Detective McKinney); Count VI – Invasion of Privacy (Sheriff Judd, individual); Count VII – Invasion of Privacy (Polk County Sheriff's Office); Count VIII – Intentional Infliction of Emotional Distress (Sheriff Judd, individual); and Count XII – Defamation (Polk County Sheriff's Office). Plaintiff asserts the following federal claims: Count IX – Section 1983 (Sheriff Judd, individual); Count X – Section 1983 (Detective McKinney); and Count XI – Section 1983 (Polk County Sheriff's Office).

All claims should be dismissed because there was probable cause for Plaintiff's arrest and detention and because Sheriff Judd is protected by absolute immunity for statements made within the scope of his duties. The Section 1983 claim against Sheriff Judd in his official capacity should be dismissed because Plaintiff fails to allege a policy, custom, or practice that was the moving force behind a constitutional violation. The Sections 1983 claims against Detective McKinney and against Sheriff Judd in his individual capacity should be dismissed because not only was there no constitutional violation, there was arguable probable cause for Plaintiff's arrest and detention and they are protected by qualified immunity.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). Although the Eleventh Circuit has recognized that "[a]fter *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints," *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010), the factual allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the court must accept a plaintiff's allegations as true when considering a motion to dismiss, a plaintiff's unsupported conclusions of law or mixed fact and law, "unwarranted factual deductions," and "legal conclusions masquerading as facts" will not prevent a Rule 12(b)(6) dismissal. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012); *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. ARGUMENT

### A. Applicable Law

#### 1. Defendants May Attach the Arrest Affidavit

Although Plaintiff cites Detective McKinney's affidavit (see Complaint ¶ 25), she does not attach it to her Complaint. Because Plaintiff failed to attach this crucial document, Defendants may attach the warrant affidavit. Courts may consider documents attached to a motion to dismiss that are "(1) central to the plaintiff's claim and (2) undisputed." *Brivik v. Law*, 545 F. App'x 804, 806 (11th Cir. 2013) (quotation marks omitted); *Smith v. Lanier*, 573 F. Supp. 2d 6, 11 n.1 (D.D.C. 2008) (explaining that the court could take judicial notice of a search warrant and affidavit without

converting the motion to dismiss into a motion for summary judgment); *Burns v. Rice*, 39 F. Supp. 2d 1350, 1353 (M.D. Fla. 1998) *aff'd*, 210 F.3d 393 (11th Cir. 2000); *Brooks v. Blue Cross & Blue Shield of Fla.*, No. 95-405-CIV-MARCUS, 1995 WL 931702, at *5 (S.D. Fla. Sept. 22, 1995) *aff'd sub nom.*, 116 F.3d 1364 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, . . . the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."). Detective McKinney's Affidavit is attached hereto as Exhibit A.

**2. Probable Cause Standard**

"Probable cause is a standard well short of absolute certainty." *Smith v. Sheriff, Clay Cnty., Fla.*, 506 F. App'x 894, 899 (11th Cir. 2013) (citing *L.A. County v. Rettele,* 550 U.S. 609, 615 (2007)) (quotation marks omitted). "The standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (citations and quotation marks omitted). "Probable cause requires more than mere suspicion, but does not require convincing proof." *Id.* (citing *Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998)). "The probable cause analysis is undertaken in light of the totality of the circumstances, and the standard must be judged not with clinical detachment, but with a common sense view to the realities of normal life." *Id.* (citing *Craig v. Singletary,* 127 F.3d 1030, 1042 (11th Cir. 1997)) (quotation marks omitted).

**3. Arguable Probable Cause Standard**

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." *Id.* "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id.* (quotation marks omitted). "Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Id.* at 734-35. "The standard is an objective one and does not include an inquiry in to the officer's subjective intent or beliefs." *Id.* at 735. "Whether an officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the operative fact pattern." *Id.* "Showing arguable probable cause does not, however, require proving every element of a crime." *Id.* "If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply." *Id.*

**B. The Arrest Affidavit is Sufficient to Establish Probable Cause**

A false statement or omission in an arrest affidavit violates the Constitution only if it is "material," which means that it was necessary to a finding of probable cause. *Zozula v. Fla.*, No. 6:10-CV-1588-ORL-28, 2011 WL 2531203, at *2 (M.D. Fla. June 24, 2011) (citations and quotation marks omitted). "[A] plaintiff must prove that the affiant

deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Id.* at *3 (citations and quotation marks omitted).

Plaintiff has not alleged facts that support any claim that Detective McKinney's affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable" or that there were alleged omissions that were deliberate and reckless and were material to the finding of probable cause. *See id.*

The arrest affidavit in this case contains sufficient facts for Detective McKinney to conclude that there was probable cause for Plaintiff's arrest. The affidavit includes several statements by witnesses that Plaintiff engaged in behavior towards the victim that could be described as bullying. Contrary to what is implied by the complaint, the affidavit is not based on any sort of conclusion that Plaintiff recently spoke with the victim or that there were text messages at issue. The affidavit clearly states that the contact occurred between December 2012 and February 2013.

Plaintiff's Complaint alleges in a conclusory manner that Detective McKinney's arrest affidavit "was false and it was known to be false by Defendants McKinney and Judd." (Complaint ¶ 25.) The complaint also states that he provided the affidavit "in an attempt to abide by the commands of Defendant Judd." (Complaint ¶ 25.) This allegation is completely conclusory, as Plaintiff alleges no basis for her knowledge that Sheriff Judd had anything to do with the affidavit.

Plaintiff points to three "material false statements" in the affidavit. The first is that Plaintiff confessed that she bullied the victim. (Complaint ¶ 25.) The Complaint alleges

that "K.C.R. never confessed to bullying the victim." (Complaint ¶ 26.) However, the Complaint does not allege why Detective McKinney should have known that to be false, and as will be certainly shown in a later stage of these proceedings if necessary, an actual quote in an interview of Plaintiff is, "Because like I did bully her but not recently," and Plaintiff continues in the interview to discuss the extent of her bullying, using the word several times. The statement in the affidavit does not purport to be based on recent bullying and never claimed that Plaintiff recently bullied the decedent. Whether or not Plaintiff ever made some sort of formal confession to bullying is not at issue and was not sworn to in Detective McKinney's affidavit.

But even without the statement regarding Plaintiff having confessed to bullying the victim, there was still plenty of information in the affidavit to establish probable cause. The second alleged false statement is that Plaintiff "participated in and initiated a pattern of conduct between December 2012 and February 2013 with the purpose of maliciously harassing the victim." (Complaint 25.) However, the affidavit bases this on the results not only of Plaintiff's confession but also on witness interviews. Some of the information gathered from the witnesses is also set forth in the affidavit. Plaintiff does not allege that Detective McKinney falsified the information he gathered from the witnesses and reported in the affidavit. From a reading of the affidavit, it is clear that the information McKinney gathered from the witnesses is sufficient to establish probable cause.

The third alleged false statement in the affidavit is that "it had been determined that the malicious harassment of the victim perpetrated by Plaintiff K.C.R. was a contributing factor in the victim's decision to commit suicide." It is unclear how Plaintiff

could prove such a statement false, involving the internal decisions at that time of an agency.

In the Complaint, Plaintiff does not allege how these statements were false but rather states, "In reality, Plaintiff K.C.R. had no interaction with the alleged victim for nearly a year preceding the suicide while she was attending middle school with the victim and the interaction was not bullying." (Complaint 26.) Such an allegation does not show the statements in the affidavit to be false.

Plaintiff fails to sufficiently allege that the arrest affidavit was false, and it is clear from the affidavit that there was probable cause for Plaintiff's arrest. Because the facts as alleged in the Complaint do not permit the Court to infer more than the mere possibility that Defendants arrested and detained Plaintiff without a minimal level of objective justification, Plaintiff's complaint should be dismissed. *McKally v. Perez*, No. 14-22630-CIV, 2015 WL 758283, at *7 (S.D. Fla. Feb. 6, 2015).

In addition, to the extent that the Complaint alleges an inadequate investigation, such allegation cannot support any of Plaintiff's state claims. Plaintiff alleges that "PCSO, at the direction of Defendant Judd, commenced a hurried investigation into the suicide of this minor child." (Complaint ¶ 12.) However, a negligent investigation does not give rise to a cause of action here. *See State By & Through Office of State Attorney v. Kowalski*, 617 So. 2d 1099 (Fla. 5th DCA 1993) (finding that the State Attorney's Office owed no recognized legal duty of care to the plaintiffs in connection with the alleged negligent investigation by a staff investigator which resulted in the institution of criminal charges against the plaintiff on which he was subsequently exonerated).

**C. Plaintiff's State Claims Should be Dismissed**

**1. Count I – False Arrest/False Imprisonment (Polk County Sheriff's Office)**

This claim should be dismissed against Sheriff Judd in his official capacity. As set forth above, there was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos v. Metro. Dade Cnty.*, 677 So. 2d 1005, 1005 (Fla. 3d DCA 1996).

**2. Count II – False Arrest/False Imprisonment (Sheriff Judd, individual capacity)**

Count II should be dismissed because there are no allegations that Sheriff Judd personally participated in the arrest or detention. In addition, as set forth above, there was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos*, 677 So. 2d at 1005.

**3. Count III – False Arrest/False Imprisonment (Detective McKinney)**

As set forth above, there was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos*, 677 So. 2d at 1005. Count III should be dismissed.

**4. Count IV – Malicious Prosecution (Sheriff Judd, individual capacity)**

The elements of a malicious prosecution claim are: "(1) an original civil or criminal proceeding commenced against the plaintiff; (2) the original proceeding was instituted by the defendant in the malicious prosecution proceeding; (3) the original proceeding resulted in a favorable result to the plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) the original proceeding was instituted with malice; and (6) the plaintiff suffered damages as a result of the original proceeding." *Beizer v. Judge*, 743 So. 2d 134, 136 (Fla. 4th DCA 1999). "To prevail in

a malicious prosecution action, the burden is on the plaintiff to establish a want of probable cause to initiate the original proceedings." *Id.*

Here there are no allegations that Sheriff Judd individually participated in the institution of the proceedings against Plaintiff. The complaint contains only conclusory allegations of malice, (Complaint ¶¶ 52 & 56), which the Court is not required to accept as true. See *Resnick*, 693 F.3d at 1326; *Davila,* 326 F.3d at 1185. Moreover, probable cause bars a claim for malicious prosecution. *See Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 378 (11th Cir. 2010). Count IV should be dismissed.

**5. Count V – Malicious Prosecution (Detective McKinney)**

As set forth above, the Complaint fails to allege with plausibility that Detective McKinney's affidavit was false. Plaintiff fails to defeat probable cause. *See Halmos*, 404 F. App'x at 378. In addition, the Complaint contains only conclusory allegations that Detective McKinney acted with malice. (Complaint ¶¶ 61 & 65.) Count V should be therefore dismissed.

**6. Count VI – Invasion of Privacy (Sheriff Judd, individual capacity)**

The alleged actions of Sheriff Judd pertaining to this claim are primarily that he made statements about Plaintiff. These statements were made incidental to his official duties. "As an executive officer, the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties." *Cobbs Auto Sales, Inc. v. Coleman*, 353 So. 2d 922, 923 (Fla. 4th DCA 1978). *Bates v. St. Lucie Cnty. Sheriff's Office*, 31 So. 3d 210, 213 (Fla. 4th DCA 2010). Therefore, Sheriff Judd has absolute immunity to this claim as alleged here.

Count VI should also be dismissed because a claim for invasion of privacy fails where there was probable cause. *See Feliciano v. City of Miami Beach*, 847 F. Supp. 2d 1359, 1368 (S.D. Fla. 2012). In addition, the "right to privacy does not prohibit the publication of matter which is of legitimate public concern." *Walker v. Florida Dep't of Law Enforcement*, 845 So. 2d 339, 340 (Fla. 3d DCA 2003) (citations omitted). Therefore, this claim should be dismissed with prejudice against Sheriff Judd.

**7. Count VII – Invasion of Privacy (Polk County Sheriff's Office)**

This claim should be dismissed against Sheriff Judd in his official capacity because the invasion of privacy claim against Sheriff Judd in his individual capacity fails, as set forth above. The agency cannot be held liable for Sheriff Judd's statements that are protected by absolute privilege. *See, e.g. Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, at *2 (S.D. Fla. Mar. 24, 2003) ("If a city official has absolute immunity against claims for defamation, then the city cannot be liable for defamation where the liability against the City is premised on *respondeat superior.*"); *Gordon v. Beary*, No. 608-CV-73-ORL-19KRS, 2008 WL 3258496, at *9 (M.D. Fla. Aug. 6, 2008) (dismissing with prejudice the plaintiff's defamation claim against a sheriff in his official capacity).

Additionally, the claim for invasion of privacy fails because there was probable cause for the arrest and detention of Plaintiff. *See Feliciano*, 847 F. Supp. 2d at 1368. Moreover, the "right to privacy does not prohibit the publication of matter which is of legitimate public concern." *Walker*, 845 So. 2d at 340 (citations omitted).

Here there was probable cause for Plaintiff's arrest and detention; therefore, Count VII fails and should be dismissed.

**8. Count VIII – Intentional Infliction of Emotional Distress (Sheriff Judd, individual capacity)**

"As an executive officer, the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties." *Cobbs*, 353 So. 2d at 923; *see also Bates*, 31 So. 3d at 213. The alleged conduct of Sheriff Judd on which Plaintiff bases her intentional infliction of emotion distress claim consists primarily of statements made by Sheriff Judd incidental to his duties. As set forth above, these statements are protected by absolute privilege, and Sheriff Judd cannot be held liable for the tort of intentional infliction of emotional distress based on these protected statements. Count VIII should be dismissed with prejudice.

**9. Count XII – Defamation (Polk County Sheriff's Office)**

As to Sheriff Judd in his official capacity, this claim should be dismissed with prejudice on the merits. "In Florida, public officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Bates*, 31 So. 3d at 213 (quotation marks omitted). "The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged." *Id.* Courts thus conclude that the cities and counties those officials represent are also absolutely immune from suit for defamation. *Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, at *2 (S.D. Fla. Mar. 24, 2003) ("If a city official has absolute immunity against claims for defamation, then the city cannot be liable for defamation where the liability against the City is premised on *respondeat superior.*"); *See also Gordon*, 2008 WL 3258496, at *9 (dismissing with prejudice the plaintiff's defamation claim against a sheriff in his official capacity).

Thus, Sheriff Judd, in his official capacity, is absolutely immune from Plaintiff's claim for defamation, and Count XII should be dismissed with prejudice.

**D. Plaintiff's Federal Claims Should Be Dismissed**

The Section 1983 claim should be dismissed against Sheriff Judd in his official capacity because Plaintiff fails to adequately allege a policy or custom that was the moving force behind a constitutional violation. The Section 1983 claims against the individuals should be dismissed because they are protected from liability by qualified immunity.

"The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). Whether an officer is entitled to qualified immunity is a two-pronged analysis of whether the officer violated a clearly established constitutional right. *See id*. Qualified immunity protects from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003) (quotation marks omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." *Id.* "Qualified immunity thus represents the rule, rather than the exception: Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999) (quotation marks omitted). Because it is undisputed that these activities were done within the course and scope of Sheriff Judd's and Detective McKinney's employment (Complaint ¶¶ 16, 25,

31, 89 & 100), it is Plaintiff's burden to show why qualified immunity would not apply. *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012).

**1. Count IX – Section 1983 (Sheriff Judd, individual capacity)**

Since Plaintiff does not contend that Sheriff Judd personally participated in her arrest, Plaintiff seeks to hold Sheriff Judd individually responsible simply because of his position as the head of the Polk County Sheriff's Department. However, Sheriff Judd cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *Cook v. Sheriff of Monroe Cnty.,* Fla., 402 F.3d 1092, 1116 (11th Cir. 2005). A sheriff may be liable under § 1983 for the actions of an employee only when an official policy or custom is the moving force behind a constitutional violation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). A plaintiff must identify a "policy or custom" that inflicted the injury. *Id.* Plaintiff fails to sufficiently allege any policy or custom that caused a constitutional violation, and this claim should be dismissed with prejudice.

Moreover, the Section 1983 claim should be dismissed with prejudice against Sheriff Judd in his individual capacity because the Complaint fails to sufficiently allege a constitutional violation, and even if it did, it was not clearly established. Sheriff Judd had arguable probable cause for Plaintiff's arrest and detention. The Complaint fails to allege facts to defeat arguable probable cause. The allegation that there were no text messages does not preclude the existence of other evidence relied on. The allegation that the bullying of the victim did not occur immediately before the apparent suicide also fails to defeat probable cause. Plaintiff was not arrested for causing the victim's death but instead was charged with aggravated stalking. (Complaint p. 2.) In addition, what

head of agency would believe informing the public of the progress of an investigation and arrest would infringe on the rights of the accused? If that were the law, then any person whose charges are dropped or gets acquitted could sue the head of an agency merely for informing the public. This is clearly not the law. The existence of arguable probable cause provides qualified immunity and protects Sheriff Judd from false arrest and false imprisonment claims under Section 1983. *See Mack v. Mazzarella*, 554 F. App'x 800, 803 (11th Cir. 2014).

**2. Count X – Section 1983 (Detective McKinney)**

The Section 1983 claim should be dismissed with prejudice against Detective McKinney in his individual capacity because there was no constitutional violation, and even if the Complaint sufficiently alleged a violation, there was arguable probable cause for Plaintiff's arrest and detention. Again, the allegation that there were no text messages does not preclude the existence of other evidence relied on. The allegation that the bullying of the victim did not occur immediately before the apparent suicide also fails to defeat probable cause. Plaintiff was not arrested for causing the victim's death but charged with aggravated stalking. (Complaint p. 2.) The existence of arguable probable cause provides qualified immunity and protects Detective McKinney from false arrest and false imprisonment claims under Section 1983. *See Mack*, 554 F. App'x at 803.

**3. Count XI – Section 1983 (Polk County Sheriff's Office)**

This claim should be dismissed as to Sheriff Judd in his official capacity. Plaintiff fails to allege a policy or custom that was the moving force behind a constitutional violation, as stated above. *See Monell*, 436 U.S. at 694.

In addition, Plaintiff's allegations of training insufficiencies are improperly alleged in this count and should be separated into a separate count. The allegations are also insufficient to state a claim for lack of training. Even if a governmental entity inadequately trains or supervises its employees, and an employee violates someone's constitutional rights, the entity is not automatically liable under section 1983. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The plaintiff must establish that the entity made a "deliberate or conscious choice," that is, that the entity "knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351. Because Plaintiff's claim fails to state a failure to train, it should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' claims should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2015 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: HOWARD S. MARKS, ESQ., 200 S. Orange Avenue, Ste 800, Orlando, FL 32801, hmarks@burr.com; dmmorton@burr.com; and LAWRENCE G. WALTERS, ESQ., 195 W. Pine Avenue, Longwood, FL 32750, Larry@firstamendment.com; paralegal@firstamendment.com.

VALENTI CAMPBELL TROHN TAMAYO & ARANDA

By /s/ Jonathan B. Trohn
JONATHAN B. TROHN
FL BAR #0880558
j.trohn@vctta.com
HANK B. CAMPBELL
Florida Bar No. 434515
h.campbell@vctta.com

1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorneys for Defendants