UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.  8:15-cv-840-T-35AEP

ROSEANN MICHELLE GILL, as Parent and
Next Friend of K.C.R., a minor,

      Plaintiff,

vs.

GRADY JUDD, in his Official Capacity
as the Sheriff of Polk County;
GRADY JUDD, individually; and
JONATHAN MCKINNEY, individually,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ROSEANN MICHELLE GILL, as Parent and Next Friend of K.C.R. (hereinafter referred to as "Plaintiff" and/or "K.C.R."), by and through her undersigned counsel, and sues Defendants, GRADY JUDD, in his official capacity as the Sheriff of Polk County (hereinafter referred to as "PCSO"), GRADY JUDD, individually (hereinafter referred to as "Judd"), and JONATHAN MCKINNEY, individually (hereinafter referred to "McKinney") (all Defendants are hereinafter collectively referred to as "Defendants"), and seeks damages against Defendants and a declaration that Defendants have violated Plaintiff's civil rights and for further relief as this Court deems just and proper, and states as follows:

## INTRODUCTION

This case stems from an effort by Defendants to use the tragic death of a young girl that committed suicide on September 9, 2013 as an opportunity for media attention and self-aggrandizement. Without any factual or legal basis, Defendants charged Plaintiff K.C.R., then a 12-year-old girl, with felony aggravated stalking, pursuant to Florida Statutes Section 784.048(5), and labeled her a cyber-bully in the national media, after blaming her for the apparent suicide.   Although the charges were unsubstantiated and ultimately dropped, the incident left Plaintiff devastated and irreparably damaged.

## PARTIES

1.     Plaintiff K.C.R. is a resident of Polk County, Florida and at the time of the event was a twelve (12) year old minor.

2.     Judd at all material times hereto was the Sheriff of Polk County, Florida.  Judd is being sued in his individual capacity and, as set forth below, is also being sued in his official capacity as the Sheriff of Polk County.

3.     McKinney at all material times was a Deputy with the PCSO.  McKinney is being sued in his individual capacity.

4.     Grady Judd as Sheriff of the Polk County Sheriff's Office is being sued in his official capacity ("PCSO").  As referred to above in paragraph 2, the Sheriff, Judd, is also being sued in his individual capacity.

## VENUE AND JURISDICTION

5.     This action is proper in the Federal Court for the Middle District of Florida, Tampa Division, as all acts material to this cause of action occurred in Polk County, Florida, and this is where the cause of action accrued.

6.      This is a claim for damages and declaratory judgment.

7.      Jurisdiction is conferred with this Court by 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution and laws of the United States, and by 28 U.S.C. §1343(a)(3)(4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.  Declaratory and further relief is available pursuant to 28 U.S.C. § 2201 & 2202.

8.      Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant PCSO of her claims six (6) months or more prior to the filing of this action, and said claims were not resolved.  Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

9.      All conditions precedent to the filing of this action have occurred, accrued or been waived as a matter of law.

## BACKGROUND ALLEGATIONS

10.     On September 9, 2013 a twelve (12) year old minor apparently jumped off a silo at an abandoned cement plant in Lakeland, Florida.  The tragic event was reported by PCSO as a suicide.

11.     The Sheriff of Polk County at all material times herein was Judd, who was the final policy maker for PCSO.  As of the time of filing of this lawsuit Defendant, Judd appeared on numerous radio shows, television shows and held press conferences relating to the suicide of the minor child.

12.     Thereafter in what can only be described as a "witch hunt," the PCSO, at the direction of Defendant Judd, commenced an investigation into the death of this minor child.

13.     The investigation began more as publicity stunt than an actual law enforcement activity so that Defendant, Judd and PCSO could publicize their attempt to stamp out "cyber bullies". Filing baseless criminal charges and then grandstanding for the media is consistent with Judd's established practice of capitalizing on tragic events or criminal activity for his own publicity and self-aggrandizement. The existence of Judd's established practice has been well publicized during his tenure in office.[1]

14.     The investigation that was directed by Defendant Judd, focused on other minor children that at some point had either attended school with the minor who committed suicide or had any contact at all with that individual.

15.     Defendant McKinney was the primary deputy involved in the investigation at the request of Defendant Judd and PCSO.

16.     On or about October 14, 2013, a law enforcement officer employed by PCSO, at the direction of Defendant Judd, Defendant McKinney arrested Plaintiff K.C.R., without a warrant, on the felony charge of Aggravated Stalking of a Minor Under 16 Years of Age at her home in Lakeland, Florida. Defendant Judd as the final policy maker for Defendant PCSO was involved with and assisted in and directed the arrest of Plaintiff.

17.     Subsequent to the arrest of Plaintiff K.C.R., Defendant Judd and Defendant PCSO released Plaintiff K.C.R.'s personal information, including her full name and mugshot, at a press conference conducted on or about October, 2013.

---

[1] See, Jeff Gore, *Church and State: Polk County Sheriff Grady Judd's mission from God to eliminate obscenity knows no bounds*, OrlandoWeekly.com, Feb. 24, 2011, available at: http://orlandoweekly.com/news/church-and-state-1.1109454; Michael Kruse, *Polk Sheriff Grady Judd makes his name on moral outrage*, Tampa Bay Times, Feb. 4, 2011, available at: http://www.tampabay.com/news/publicsafety/polk-sheriff-grady-judd-makes-his-name-on-moral-outrage/1149570.

18.     Thereafter, Defendant Judd and Defendant PCSO continued to conduct several news conferences and interviews regarding the arrest.

19.     During the news conferences, Defendant Judd falsely accused Plaintiff, K.C.R., of being responsible for the tragic suicide of a former classmate.

20.     During the news conferences, Defendant PCSO, through Defendant Judd stated that Plaintiff, K.C.R. was a "felon", "harasser", "stalker" and "a person that tormented the victim".

21.     Thereafter, Defendant Judd made appearances on several local and national news programs, repeating the above-referenced statements and portraying Plaintiff as the poster child example of a cyber-bully.

22.     The charges against Plaintiff, K.C.R. were felony charges which authorized the release of juvenile arrest information to the public.

23.     Defendant PCSO, through Defendant Judd, distributed photographs of Plaintiff, K.C.R.'s name and mug shot to national news media.

24.     At this time Defendant PCSO had admitted that the investigation was not complete and that it had not been able to obtain any actual text messages between Plaintiff, K.C.R. and the alleged victim.  Nevertheless, Defendant PCSO arrested Plaintiff, K.C.R. without any evidence of text messages.

25.     Defendant McKinney, under the direction of Defendant Judd and Defendant PCSO, in an attempt to provide some purported justification for the arrest of Plaintiff, K.C.R. provided an arrest affidavit ("Affidavit").  The Affidavit is attached hereto as **Exhibit "A"**.

26.     The Affidavit states the date/time of arrest/incident occurred on October 14, 2013 at 15:59:00.

27.   The Affidavit swears that McKinney had reasonable grounds to believe that on October 14, 2013 at 13:59 Plaintiff K.C.R. committed the offense of aggravated stalking of minor in violation of § 748.048(5).

28.   The Affidavit also states that the arrest was a result of the Defendant PCSO death investigation of the minor child that committed suicide by jumping from a concrete silo tower to her death.

29.   Conspicuously absent from the Affidavit is the date when the alleged death took place, which was September 9, 2013.

30.   No attempt at an explanation is made in the Affidavit to explain how Plaintiff K.C.R. could have committed a crime on the date of October 14, 2013 when the alleged death had occurred September 9, 2013 approximately a month earlier.

31.   The crime for which Plaintiff was charged was aggravated stalking pursuant to Florida Statute § 784.048(5) which states:

> Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks a minor under 16 years of age commits the offense of aggravated stalking.....

32.   There was zero evidence of K.C.R. following or cyberstalking a minor.  That leaves only repeated harassment as possible basis for a charge. Florida Statutes 784.048(1)(a) defines "Harass" to mean to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose. Constitutionally protected activity cannot form the basis of the crime.

33.   The Affidavit executed by Defendant McKinney does not establish probable cause or arguable probable cause that Plaintiff violated 784.048(5) as to the minor that committed suicide on September 9, 2013.

34.     In fact the Affidavit contradicts itself, even assuming it is true.  Pursuant to the Affidavit no contact between the Plaintiff and other minor had occurred for more than seven months prior to September 9, 2013 when they went to school together in the sixth grade.

35.     Defendant McKinney makes a conclusory statement in the Affidavit that "It has been determined that through the investigation…. that the malicious harassment…perpetrated by…..was a contributing factor in ….. decision to commit suicide".  This is a preposterous conclusion without any factual basis.

36.     The Affidavit, even if true, does not support the elements of a crime of aggravated stalking.  At best the Affidavit shows that the minors were involved in a fight seven months earlier at school.   However, even the description of the fight was deliberately false and misleading.

37.     A few comments, even assuming they are true, from former sixth graders saying there was name calling on several occasions and conclusory statements, with no supporting facts, of "bullying" is not sufficient to establish probable cause or arguable probable cause that Plaintiff committed the crime of aggravated stalking that allegedly contributed to a death seven months later.

38.     There are no factual allegations in the Affidavit to support a conclusion that anybody suffered substantial emotional distress because of any acts of Plaintiff, which is a material element of the crime.

39.     Defendants in this case did not seek an independent judicial review of the allegations to obtain an arrest warrant.

40.     There is simply nothing in the Affidavit that ties Plaintiff to conduct which led to the death of another.

41.     Even if the contents of the Affidavit were true, there is no probable cause or arguable probable cause.  Nevertheless there are material misstatements and omissions in the Affidavit.

42.     Defendant McKinney maliciously, deliberately, or with a reckless disregard for the truth, made material false statements in the Affidavit and omitted the key fact that Plaintiff had no substantial contact with the minor for more than seven months prior to the suicide. Defendant McKinney further omitted that there was no evidence of text messages or postings on social media and omitted that there was no credible or substantial evidence of harassment.

43.     Defendant McKinney maliciously, deliberately, and with a reckless disregard for the truth interviewed four minors and coerced, deliberately misconstrued, or falsified statements and used conclusory summaries to attempt to support the theory that Plaintiff was bullying.

44.     Defendant McKinney maliciously, deliberately, and with a reckless disregard for the truth stated Plaintiff confessed to bullying and that Plaintiff participated in a pattern of conduct with the purpose of maliciously harassing the victim.

45.     Further, Defendant McKinney maliciously, deliberately, and with a reckless disregard for the truth, falsely swore under oath that it was determined that malicious harassment was a contributing factor in the victim's decision to commit suicide.

46.     The Affidavit was made maliciously, deliberately, and with reckless disregard of the truth created to justify an arrest using nothing but conclusory statements.  The Affidavit was inconsistent and contrary to Defendant PSCO's investigative findings.

47.     No reasonable officer could have believed that probable cause or arguable probable cause existed for the arrest of Plaintiff.

48.     Defendant McKinney's Affidavit was so lacking in indicia of probable cause that only a plainly incompetent officer would have made the arrest.

49.     In reality, Plaintiff K.C.R. had no substantial interaction with the alleged victim for nearly a year preceding the suicide while she was attending middle school with the victim and the interaction was not bullying.  Further, Plaintiff K.C.R. never confessed to bullying the victim.

50.     After an investigation by the State Attorney's Office and review of the alleged evidence of the investigation conducted by the PCSO, the State Attorney's Office determined that there was no evidence to support any criminal charges against Plaintiff K.C.R.

51.     In November 2013, approximately one month after Plaintiff K.C.R. had been arrested, charged, and vilified by Defendants, all charges against Plaintiff K.C.R. were dismissed.

## COUNT I - FALSE ARREST/FALSE IMPRISONMENT (PCSO)

COMES NOW, Plaintiff ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO") for damages and for such further relief as this Court deems just and proper and states as follows:

52.     This is a cause of action for false arrest/false imprisonment and detention against the PCSO for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

53.     Plaintiff realleges the allegations contained in paragraphs 1 and 4 through 51 above as if fully set forth herein.

54.     On or about October 14, 2013, the PCSO, through its employees and agents acting in accordance with the scope of their duties as law enforcement officers caused Plaintiff to be deprived of her freedom and liberty and restrained her in her movements at the scene of the arrest and detention and continued until she was released from custody.

55.     Plaintiff did not consent to the aforementioned actions of PCSO, its employees and agents and the actions were against the will of Plaintiff.

56.     The restraint of Plaintiff by PCSO through its employees and agents acting in the course and scope of their duties as law enforcement officers was unlawful.

57.     As a direct and proximate result of PCSO's actions through its employees and agents for which the PCSO is responsible, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, physical and emotion aspects which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, POLK COUNTY SHERIFF'S OFFICE, for damages caused and for such further relief as this Court deems just and proper.

## COUNT II - FALSE ARREST/FALSE IMPRISONMENT (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd"), and herein seeks damages and for any other and further relief as this Court deems just and proper, and states as follows:

58.     This is a cause of action for false arrest/false imprisonment and detention against Judd for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

59.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7, and 9 through 51 as if fully set forth herein.

60.     On or about October 14, 2013, Judd caused Plaintiff to be deprived of her freedom and liberty and restrained in her movements at the scene of her arrest and detention and continuing until she was released from custody.

61.     The restraint of Plaintiff was caused by Judd and was unlawful.

62.     As a direct and proximate cause of Judd's actions, Plaintiff was illegally detained and arrested and was forced to be incarcerated and suffered all consequences of the wrongful arrest.

63.     As a direct result of Judd's actions, Plaintiff has suffered damages.  As a direct result of said arrest, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

64.     The actions of Judd were done in bad faith, with malice and in reckless disregard for the rights of Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant GRADY JUDD, individually, and award compensatory damages, court costs, and such other further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of KATELYN CANDICE K.C.R., seeks an award

of punitive damages to punish Defendant, GRADY JUDD, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT III - FALSE ARREST/FALSE IMPRISONMENT (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant JONATHAN MCKINNEY, individually (hereinafter referred to as "McKinney"), and herein seeks damages and for any other and further relief as this Court deems just and proper, and states as follows:

65.     This is a cause of action for false arrest/false imprisonment and detention against McKinney for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

66.     Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, 7, and 9 through 51 as if fully set forth herein.

67.     On or about October 14, 2013, McKinney caused Plaintiff to be deprived of her freedom and liberty and restrained in her movements at the scene of her arrest and detention and continuing until she was released from custody.

68.     The restraint of Plaintiff was caused by McKinney and was unlawful.

69.     As a direct and proximate cause of McKinney's actions, Plaintiff was illegally detained and arrested and was forced to be incarcerated and suffered all consequences of the wrongful arrest.

70.     As a direct result of McKinney's actions, Plaintiff has suffered damages.  As a direct result of said arrest, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

71.     The actions of McKinney were done in bad faith, with malice and in reckless disregard for the rights of Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, JONATHAN MCKINNEY, individually.    Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., seeks an award of punitive damages to punish Defendant, JONATHAN MCKINNEY, individually, for his conduct, which would deter him and others from such conduct in the future.

### COUNT IV - MALICIOUS PROSECUTION (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd"), and in support thereof states as follows:

72.     This is a cause of action for malicious prosecution against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

73.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 51 as if fully set forth herein.

74.     Judd owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Plaintiff.

75.     On October 14, 2013 and thereafter, Judd with malicious purpose caused a prosecution and continued prosecution to be instituted against Plaintiff.

76.     Said prosecution was instituted without probable cause by Judd, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

77.     There was absence of probable cause to arrest and prosecute Plaintiff and for the continued prosecution against Plaintiff.

78.     In November 2013, the prosecution against Plaintiff was terminated in favor of Plaintiff on the merits. The termination of the prosecution constituted a bona fide termination of those proceedings in favor of Plaintiff.

79.     Judd acted maliciously and in bad faith against the Plaintiff at all times mentioned herein. No prosecution or continued prosecution of Plaintiff would have occurred but for the actions of Judd.

80.     As a direct result of Judd's actions, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future. Plaintiff also suffered damages as the result of being forced to hire counsel and incur attorney's fees and costs to defend the prosecution.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter Judgment against Defendant, GRADY JUDD, individually, for damages and costs and expenses incurred in defending the prosecution and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R, individually, seeks an award of punitive damages to punish Defendant, GRADY JUDD, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT V - MALICIOUS PROSECUTION (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and

through her undersigned counsel, and sues Defendant, JONATHAN MCKINNEY (hereinafter referred to as "McKinney"), and in support thereof states as follows:

81.     This is a cause of action for malicious prosecution against McKinney and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

82.     Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, 7 and 9 through 51 as if fully set forth herein.

83.     McKinney owed a duty of care to the citizenry in general, and specifically, in this case, he owed a duty of care to Plaintiff.

84.     On October 14, 2013 and thereafter, McKinney with malicious purpose caused a prosecution and continued prosecution to be instituted against Plaintiff.

85.     Said prosecution was instituted without probable cause by McKinney, and the facts known by him would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

86.     There was absence of probable cause to arrest and prosecute Plaintiff and for the continued prosecution against Plaintiff.

87.     In November 2013, the prosecution against Plaintiff was terminated in favor of Plaintiff on the merits.  The termination of the prosecution constituted a bona fide termination of those proceedings in favor of Plaintiff.

88.     McKinney acted maliciously and in bad faith against the Plaintiff at all times mentioned herein.  No prosecution or continued prosecution of Plaintiff would have occurred but for the actions of McKinney.

89.     As a direct result of McKinney's actions, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time,

mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.  Plaintiff also suffered damages as the result of being forced to hire counsel and incur attorney's fees and costs to defend the prosecution.

WHEREFORE, for the foregoing reasons, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter judgment against Defendant, JONATHAN MCKINNEY, individually, for damages and costs in the prosecution of this matter, expenses incurred in defending the prosecution and for such other and further relief as this Court deems just and proper under the circumstances.  Further, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., seeks an award of punitive damages to punish Defendant, JONATHAN MCKINNEY, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VI - INVASION OF PRIVACY (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD (hereinafter referred to as "Judd") and in support therefore states as follows:

90.     This is a cause of action for violation of right to privacy against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

91.     Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 51 above as if fully set forth herein.

92.     There is a cause of action for invasion of privacy.

93.     Plaintiff has a right to be let alone and free from intrusion into her life.

94.     Judd intruded into Plaintiff's personal solitude and seclusion. Judd also published private facts about Plaintiff that were unjustified.

95.     The actions of Judd were done in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of the human rights, safety and property of Plaintiff.

96.     As a result of the actions of Judd, Plaintiff has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, GRADY JUDD, individually, for all damages, and such other and further relief as this Court deems just and proper. Further Plaintiff seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct, which would deter him and others from such conduct in the future.

## COUNT VII - INVASION OF PRIVACY (PCSO)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, POLK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "PCSO") and in support therefore states as follows:

97.     This is a cause of action for invasion of privacy against PCSO and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

98.     Plaintiff realleges the allegations contained in paragraphs 1, 4 and 5 through 51 above as if fully set forth herein.

99.     Plaintiff is guaranteed the right to privacy and the right to be let alone and free from governmental intrusion into her private life.

100.    On October 14, 2013, the actions of employees and agents of PCSO, acting within the course and scope of their employment, did violate Plaintiff's right to privacy.  PCSO arrested Plaintiff and held press conferences as to the arrest and published private facts about Plaintiff that were unjustified and all without probable cause that Plaintiff had committed any crime.

101.    As a result of the actions of the agents and employees of PCSO, Plaintiff has suffered damages, including emotional anguish and suffering, all of which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to enter a judgment against Defendant, POLK COUNTY SHERIFF'S OFFICE, for all damages and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd") and in support therefore states as follows:

102.    This is a cause of action for intentional infliction of emotional distress against Judd and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

103.    Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 51 above as if fully set forth herein.

104.    Judd owed a duty of care to the citizenry in general, and specifically in this case, owed a duty of care to Plaintiff.

105. Judd caused Plaintiff to be unduly incarcerated, charged with a felony, caused her photograph to be published worldwide and subjected her to undue prosecution. Judd purposely held press conferences where he defamed Plaintiff and accused her of being a murderer all for his personal benefit and publicity and all without probable cause to believe Plaintiff had committed a crime.

106. Judd knew or should have known that the aforementioned acts would result in severe emotional distress to Plaintiff, a minor. Judd acted with bad faith or with malicious purpose.

107. Judd intended his behavior and knew or should have known the emotional distress that was likely to result.

108. Judd's conduct was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. The conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully request this Court to enter a judgment against Defendant, GRADY JUDD, individually, for all damages and for such other and further relief as this Court deems just and proper under the circumstances. Plaintiff further seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct, which would deter him and others from such conduct in the future.

## COUNT IX - 42 U.S.C. §1983 (JUDD)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, and sues

Defendant, GRADY JUDD, individually (hereinafter referred to as "Judd") and in support thereof states as follows:

109. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Judd.

110. Plaintiff realleges the allegations contained in paragraphs 1, 2, 5, 6, 7 and 9 through 51 above as if fully set forth herein.

111. Plaintiff has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

112. On October 14, 2013, Judd, under the color of law and as an employee of the PCSO, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause or arguable probable cause that Plaintiff had committed a violation of law, caused Plaintiff to be arrested and deprived of her liberty thereby causing Plaintiff physical and emotional pain and suffering, all in direct violation of the United States Constitution.

113. The primary, obvious, and sole purpose of the illegal and wrongful detention of Plaintiff's person was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and for all damages that resulted therefrom.

114. Judd knew that his actions would deprive Plaintiff of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

115.    Judd took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and the rights of Plaintiff.  The acts of Judd violated clearly established constitutional rights of Plaintiff, the rights of which every reasonable member of the public or governmental entity should have known.

116.    Judd had no probable cause or arguable probable cause to believe that Plaintiff had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Plaintiff's constitutional rights.

117.    As a direct result of the actions of Judd, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future and all other damages associated with the violation of Plaintiff's constitutional rights, which exist to this day and which emotional suffering and damage is likely to continue in the future.

118.    Plaintiff also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

119.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from Judd a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, GRADY JUDD, and to award Plaintiff her attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.  Further,

Plaintiff seeks an award of punitive damages to punish Defendant, GRADY JUDD, for his conduct which would deter him and others from such conduct in the future.

## COUNT X - 42 U.S.C. §1983 (MCKINNEY)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and sues Defendant, JONATHAN MCKINNEY (hereinafter referred to as "McKinney") and in support thereof states as follows:

120.    This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against McKinney.

121.    Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 7, 7 and 9 through 51 above as if fully set forth herein.

122.    Plaintiff has the right under the Constitution of the United States to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

123.    On October 14, 2013, McKinney, under the color of law and as an employee of the PCSO, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause or arguable probable cause that Plaintiff had committed a violation of law, caused Plaintiff to be arrested and of her liberty thereby causing Plaintiff physical and emotional pain and suffering, all in direct violation of the United States Constitution.

124.    The primary, obvious, and sole purpose of the illegal and wrongful detention, and search of Plaintiff's person was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of her rights under the Fourth and Fourteenth Amendments to the

United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and for all damages that resulted therefrom.

125.   McKinney knew that his actions would deprive Plaintiff of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

126.   McKinney took the actions complained of with the knowledge that his actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of McKinney violated clearly established constitutional rights of Plaintiff, the rights of which every reasonable member of the public or governmental entity should have known.

127.   McKinney had no probable cause or arguable probable cause to believe that Plaintiff had committed any crime and had no probable cause or arguable probable cause to detain, seize, search and otherwise violate Plaintiff's constitutional rights. Further, McKinney made false statements, which caused Plaintiff's rights to be violated.

128.   As a direct result of the actions of McKinney, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

129.   Plaintiff also suffered damage as a result of this loss of her constitutional rights as more specifically identified above.

130.   Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983, is entitled to recover from McKinney a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties of this action and enter an award of damages against Defendant, JONATHAN MCKINNEY, and to award Plaintiff her attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further, Plaintiff seeks an award of punitive damages to punish Defendant, JONATHAN MCKINNEY, for his conduct which would deter him and others from such conduct in the future.

## COUNT XI - 42 U.S. §1983 (PCSO)

COMES NOW, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., by and through her undersigned counsel, and hereby sues Defendant, GRADY JUDD, in his official capacity as the Sheriff of Polk County (hereinafter referred to as "PCSO"), and in support thereof states as follows:

131.    This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against PCSO.

132.    Plaintiff realleges the allegations contained in paragraphs 1, 4, 5, 6, 7 and 9 through 51 above as if fully set forth herein.

133.    Plaintiff has a right to be free from unreasonable searches and seizures of her person and property, under the Fourth and Fourteenth Amendments to the United States Constitution and to be secure that no search or restraint of her person shall occur except upon due process of law.

134.    Plaintiff has the right to be free from violations to her constitutional rights.

135.    On or about October 14, 2013, PCSO, through its employees and agents acting in the scope of their employment, under color of law, deprived Plaintiff of her rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause that

Plaintiff had committed a violation of any law, illegally arrested Plaintiff and caused Plaintiff to be deprived of her liberty, thereby causing Plaintiff physical and emotional pain and suffering.

136.    Further, PCSO acted with the deliberate indifference to the constitutional rights of Plaintiff as a result of having either no policy in place or a policy that permitted the wrongful detention and/or arrest of Plaintiff and the violation of her constitutional rights.  Further, the arrest was coordinated by and ordered by Sheriff Judd who is the final policy maker of the PCSO.

137.    PCSO had a custom and policy that permitted, encouraged, condoned, and ratified the violation of Plaintiff's constitutional rights.

138.    The actions of PCSO, as well as other employees and/or agents of PCSO were done pursuant to the customs and practices of the PCSO and with the authorization and direction of its final policy maker Sheriff Judd.

139.    PCSO failed to properly train and demonstrated a deliberate indifference by failing to train its officers in the guidelines required for maintaining proper seizures and arrests of citizens.

140.    The employees of PCSO had inadequate training in the constitutional rights guaranteed by the United States Constitution and in the requirements for an arrest by aggravated stalking.  PCSO had made stalking a priority and proclaimed it should be eliminated in Polk County, Florida.  Thus, there was an obvious need for training in this area and Defendant PCSO made a deliberate choice not to train or properly supervise deputies in this area.

141.    The acts of the employees of PCSO were a direct and proximate result of the failure of PCSO to train its officers and in the final policy decision of Defendant Judd and Defendant PCSO.

142.   PCSO, through its final decision maker Sheriff Judd, directly under color of law, directed, approved, ratified and ordered the unlawful and deliberate conduct of PCSO as described above and was involved in and made the decision to arrest Plaintiff.

143.   As a direct and proximate result cause of the actions of PCSO, Plaintiff has suffered damages including physical pain and suffering, emotional anguish and damages which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

144.   Plaintiff also suffers as a result of the loss of her constitutional rights.

145.   Plaintiff has retained the services of the undersigned counsel to bring this action under 42 U.S.C. §1983, and is entitled to recover from PCSO a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., respectfully requests this Court to take jurisdiction of this cause and the parties to this action, and to enter an award of all damages against Defendant, POLK COUNTY SHERIFF'S OFFICE, and to award attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable laws.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430(b), Fla.R.Civ.P., Plaintiff, ROSEANN GILL, as Parent and Next Friend of K.C.R., demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to: JONATHAN B. TROHN, Esquire (j.trohn@vctta.com) and HANK B. CAMPBELL, Esquire

(h.campbell@vctta.com), Valenti Campbell Trohn Tamayo & Aranda, P.A., Post Office Box
2369, Lakeland, Florida 33806-2369.

HOWARD S. MARKS
Florida Bar No.: 0750085
Email: hmarks@burr.com
Secondary Email: dmmorton@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**LAWRENCE G. WALTERS**
Florida Bar No. 0776599
Email: Larry@firstamendment.com
Secondary Email:  paralegal@firstamendment.com
**WALTERS LAW GROUP**
195 W. Pine Avenue
Longwood, Florida 32750-4104
Telephone: (407) 975-9150
Facsimile: (407) 774-6151

*Attorneys for Plaintiff*