UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEANN MICHELLE GILL, as
Parent and Next Friend of
K.C.R., a minor,

      Plaintiff,

vs.

GRADY JUDD, in his Official Capacity
as the Sheriff of Polk County;
GRADY JUDD, individually;
and JONATHAN MCKINNEY,
individually,

      Defendants.
_____/

Case No. 8:15-cv-840-T-35-AEP

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Grady Judd ("Sheriff Judd"), individually, and in his official capacity, and Jonathan McKinney ("Detective McKinney"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, move to dismiss Plaintiff's Amended Complaint (Doc. No. 19), filed on May 22, 2015.

### I. INTRODUCTION

Plaintiff[1] alleges without basis that upon the apparent suicide of a 12-year-old girl, the Polk County Sheriff's Office commenced a "witch hunt." Plaintiff alleges no facts that would support her bold claim that the investigation was something other than the routine investigation carried out upon finding a child who committed suicide. The facts provide no basis for Plaintiff's conclusion that Detective McKinney and Sheriff Judd

---

[1] For ease of reference, this motion will refer to minor K.C.R. as "Plaintiff."

falsified the findings of the investigation in order to frame Plaintiff. Although the court must accept as true factually supported allegations, the district court is not required to accept as true Plaintiff's "unwarranted factual deductions." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

Plaintiff asserts the following state claims in her 11-count Complaint: Count I – False Arrest/False Imprisonment (Sheriff Judd, official capacity); Count II – False Arrest/False Imprisonment (Sheriff Judd, individual capacity); Count III – False Arrest/False Imprisonment (Detective McKinney); Count IV – Malicious Prosecution (Sheriff Judd, individual capacity); Count V – Malicious Prosecution (Detective McKinney); Count VI – Invasion of Privacy (Sheriff Judd, individual capacity); Count VII – Invasion of Privacy (Sheriff Judd, official capacity); and Count VIII – Intentional Infliction of Emotional Distress (Sheriff Judd, individual capacity). Plaintiff asserts the following federal claims: Count IX – Section 1983 (Sheriff Judd, individual capacity); Count X – Section 1983 (Detective McKinney); and Count XI – Section 1983 (Sheriff Judd, official capacity). Each count should be dismissed for the reasons set forth below.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rule does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the court must accept Plaintiff's allegations as true, Plaintiff's unsupported conclusions of law or mixed fact and law, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" do not prevent a Rule 12(b)(6) dismissal. *Davila*, 326 F.3d at 1185.

### III. ARGUMENT

The Amended Complaint should be dismissed because there was probable cause for Plaintiff's arrest and detention and because Sheriff Judd is protected by absolute immunity for statements made within the scope of his duties. The Section 1983 claim against Sheriff Judd in his official capacity should be dismissed because Plaintiff fails to allege a policy, custom, or practice that was the moving force behind a constitutional violation. The Sections 1983 claims against Detective McKinney and against Sheriff Judd in his individual capacity should be dismissed because they did not violate Plaintiff's constitutional rights. Moreover, Defendants had arguable probable cause for Plaintiff's arrest and detention; thus, they are protected by qualified immunity.

**A.     The Arrest Affidavit Establishes Probable Cause**

"Probable cause is a standard well short of absolute certainty." *Smith v. Sheriff, Clay Cnty., Fla.*, 506 F. App'x 894, 899 (11th Cir. 2013) (citing *L.A. Cnty. v. Rettele,* 550 U.S. 609, 615 (2007)) (quotation marks omitted). "The standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably

trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (citations and quotation marks omitted). "Probable cause requires more than mere suspicion, but does not require convincing proof." *Id.* (citing *Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998)). "The probable cause analysis is undertaken in light of the totality of the circumstances, and the standard must be judged not with clinical detachment, but with a common sense view to the realities of normal life." *Id.* (citing *Craig v. Singletary,* 127 F.3d 1030, 1042 (11th Cir. 1997)) (quotation marks omitted).

Plaintiff attaches the Arrest Affidavit to her Amended Complaint. Plaintiff finds an issue with the fact that the Affidavit is dated October 14, 2013, at 13:59, and that it does not state the date of death, which was September 9, 2013. Plaintiff alleges, "No attempt at an explanation is made in the Affidavit to explain how Plaintiff K.C.R. could have committed a crime on the date of October 14, 2013[,] when the alleged death had occurred September 9, 2013[,] approximately a month earlier." (Doc. No. 19 ¶ 30.)

This line of argument displays several aspects of Plaintiff's confusion, or perhaps of Plaintiff's attempts to misdirect the Court's attention. First, and most obviously, the Affidavit did not represent that the crime occurred on October 14, 2013. The line at the top of the Affidavit states, "Date/Time of Arrest/Incident." (Doc. No. 19-1 p. 1.) This space gives room for either the date of the arrest (if the arrest was based on information gathered beforehand from previous conduct, as would most often be the case when a detective completes an arrest affidavit) or the date of the incident. Detective McKinney made very clear on the second page of the Affidavit that the basis for the arrest was

conduct that occurred between December 2012 and February 2013. (Doc. No. 19-1 p. 2.) In addition to citing specific dates within that range, he listed the phrase "December 2012 and February 2013" three times. (Doc. No. 19-1 p. 2.)

Second, as alleged by Plaintiff, (Doc. No. 19 ¶ 28), the Affidavit does correctly state that the arrest was a result of the death investigation of the minor child. (Doc. No. 19-1 p. 2.) It is undisputed but irrelevant that if the minor had not committed suicide, Detective McKinney would likely not have discovered – from an overwhelming amount of sources and repetition of Plaintiff's name by witnesses – that Plaintiff had been involved in harassing the victim. However, the Affidavit does not state that cause for the arrest was based on evidence that Plaintiff caused the minor's death. Rather, the arrest was for aggravated stalking. The Affidavit merely states the fact that it "has been determined" that Plaintiff's "malicious harassment" of the minor victim was a "contributing factor" in her decision to commit suicide. (Doc. No. 19-1 p. 2.) Whether or not that determination was incorrect is completely irrelevant to the existence of probable cause for Plaintiff's arrest for aggravated stalking. Moreover, it is impossible for Plaintiff to know, much less prove, that a statement involving the internal decisions made by the agency at that time was false. Another irrelevant allegation is, "There is simply nothing in the Affidavit that ties Plaintiff to conduct which led to the death of another." (Doc. No. 19 ¶ 40).

Third, a decision by the state attorney to not prosecute because there was not sufficient admissible evidence to put before a jury that Plaintiff had committed the crime of cyberstalking or repeated harassment does not support Plaintiff's allegation that there was "zero evidence." (Doc. No. 19 ¶ 32.) Even if, in the end, there had been "zero

evidence," that has nothing to do with whether McKinney had probable cause for Plaintiff's arrest – probable cause is not an evidentiary standard. "Probable cause requires more than mere suspicion, but does not require convincing proof." *Smith v. Sheriff, Clay Cnty., Fla.*, 506 F. App'x 894, 899 (11th Cir. 2013).

The Amended Complaint correctly states that "Defendants in this case did not seek an independent judicial review of the allegations to obtain an arrest warrant." (Doc. No. 19 ¶ 39.)  There is no requirement that an arresting official seek independent judicial review.  However, after arrest, the juvenile attends a detention hearing before the judge assigned to the juvenile division.  Fla. Stat. § 985.25.  Plaintiff conspicuously neglects to inform the Court of the juvenile judge's remarks about the Arrest Affidavit and resulting home detention based on the statements in the Affidavit.

Plaintiff alleges that there are "not factual allegations in the Affidavit to support a conclusion that anybody suffered substantial emotional distress because of any acts of Plaintiff, which is a material element of the crime." (Doc. No. 19 ¶ 38.)  This is untrue – the Affidavit states that Plaintiff's actions had been determined to be a factor in the victim's suicide, certainly showing that she suffered substantial emotional distress. Morever, "it is not necessary that an officer prove every element of the crime before making an arrest." *Rhodes v. Kollar*, 503 F. App'x 916, 924 (11th Cir. 2013).  The Arrest Affidavit in this case contains sufficient facts for Detective McKinney to conclude that there was probable cause for Plaintiff's arrest.  The Affidavit includes several statements by witnesses that Plaintiff engaged in behavior towards the victim that could be described as bullying or harassment.  Contrary to what is implied by the Amended

Complaint, the Affidavit is not based on any sort of conclusion that Plaintiff recently spoke with the victim or that there were text messages at issue.

Not only does the face of the Affidavit show that Plaintiff's allegations related to the Affidavit are without basis, a false statement or omission in an arrest affidavit violates the Constitution only if it is "material," which means that it was necessary to a finding of probable cause. *Zozula v. Florida*, No. 6:10-CV-1588-ORL-28, 2011 WL 2531203, at *2 (M.D. Fla. June 24, 2011) (citations and quotation marks omitted). "[A] plaintiff must prove that the affiant deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Id.* at *3 (citations and quotation marks omitted). Plaintiff has not alleged facts to support a conclusion that Detective McKinney's Affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable" or that there were alleged omissions that were deliberate and reckless and were material to the finding of probable cause. *See id.*

Plaintiff points to additional "material false statements" in the affidavit. The first is that Plaintiff confessed that she bullied the victim. (Amended Complaint ¶ 44.) However, the Amended Complaint does not allege why Detective McKinney should have known that to be false, and as will be certainly shown in a later stage of these proceedings if necessary, an actual quote in an interview of Plaintiff is, "Because like I did bully her but not recently," and Plaintiff continues in the interview to discuss the extent of her bullying, using the word several times. The statement in the Affidavit does not purport to be based on recent bullying and never claimed that Plaintiff recently

bullied the decedent. Whether or not Plaintiff ever made some sort of formal confession to bullying is not at issue and was not sworn to in Detective McKinney's Affidavit.

But even without the statement regarding Plaintiff's confession, there was still sufficient information in the Affidavit to establish probable cause. Plaintiff alleges that the Affidavit's statement that Plaintiff "participated in a pattern of conduct with the purpose of maliciously harassing the victim" was false. (Amended Complaint ¶ 44.) However, it is clear in the Affidavit that Detective McKinney bases this statement not only on Plaintiff's confession but also on information gathered in witness interviews. (Doc. No. 19-1 p. 2.) Plaintiff does not allege that Detective McKinney falsified the information he gathered from the witnesses and reported in the Affidavit. From a reading of the affidavit, it is clear that the information McKinney gathered from the witnesses is sufficient to establish probable cause. The allegation that, "In reality, Plaintiff K.C.R. had no interaction with the alleged victim for nearly a year preceding the suicide while she was attending middle school with the victim and the interaction was not bullying," (Amended Complaint ¶ 48,) does not show the statements in the Affidavit to be false.

Plaintiff fails to sufficiently allege that the Arrest Affidavit was false, and it is clear from the Affidavit that there was probable cause for Plaintiff's arrest. Because the facts as alleged in the Amended Complaint do not permit the Court to infer more than the mere possibility that Defendants arrested and detained Plaintiff without a minimal level of objective justification, Plaintiff's Amended Complaint should be dismissed. *McKally v. Perez*, No. 14-22630-CIV, 2015 WL 758283, at *7 (S.D. Fla. Feb. 6, 2015).

Finally, to the extent that the Amended Complaint alleges an inadequate investigation, such allegation cannot support Plaintiff's claims. *See Smith v. Sheriff, Clay Cnty., Fla.*, 506 F. App'x 894, 900 (11th Cir. 2013) ("To be sure, we do not condone [the detective's] failure to engage in further police work before pursuing a warrant for [the plaintiff's] arrest, and we are troubled by the omissions of certain facts from the affidavit eventually used to secure a warrant for [the plaintiff's] arrest. At the same time, however, we are reticent to judge the acts of police officers, undertaken in real time and on the front lines, through the finely wrought lens of 20/20 hindsight."); *State By & Through Office of State Attorney v. Kowalski*, 617 So. 2d 1099 (Fla. 5th DCA 1993) (finding that the State Attorney's Office owed no recognized legal duty of care to the plaintiffs in connection with the alleged negligent investigation by a staff investigator which resulted in the institution of criminal charges against the plaintiff on which he was subsequently exonerated).

**B.     Plaintiff's State Claims Should be Dismissed**

**1.     Count I – False Arrest/False Imprisonment (Sheriff Judd, official capacity)**

This claim should be dismissed against Sheriff Judd in his official capacity. As set forth above, there was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos v. Metro. Dade Cnty.*, 677 So. 2d 1005, 1005 (Fla. 3d DCA 1996).

**2.     Count II – False Arrest/False Imprisonment (Sheriff Judd, individual capacity)**

Count II should be dismissed because there are no allegations that Sheriff Judd personally participated in the arrest or detention. In addition, as set forth above, there

was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos*, 677 So. 2d at 1005.

### 3.     Count III – False Arrest/False Imprisonment (Detective McKinney)

As set forth above, there was probable cause for Plaintiff's arrest and detention, which bars Plaintiff's claims. *Bolanos*, 677 So. 2d at 1005. Count III should be dismissed.

### 4.     Count IV – Malicious Prosecution (Sheriff Judd, individual capacity)

The elements of a malicious prosecution claim are: "(1) an original civil or criminal proceeding commenced against the plaintiff; (2) the original proceeding was instituted by the defendant in the malicious prosecution proceeding; (3) the original proceeding resulted in a favorable result to the plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) the original proceeding was instituted with malice; and (6) the plaintiff suffered damages as a result of the original proceeding." *Beizer v. Judge*, 743 So. 2d 134, 136 (Fla. 4th DCA 1999). "To prevail in a malicious prosecution action, the burden is on the plaintiff to establish a want of probable cause to initiate the original proceedings." *Id.*

Here there are no allegations that Sheriff Judd individually participated in the institution of the proceedings against Plaintiff. The complaint contains only conclusory allegations of malice, (Amended Complaint ¶¶ 75 & 79), which the Court is not required to accept as true. See *Resnick*, 693 F.3d at 1326; *Davila,* 326 F.3d at 1185. Moreover, probable cause bars a claim for malicious prosecution. *See Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 378 (11th Cir. 2010). Count IV should be dismissed.

5. **Count V – Malicious Prosecution (Detective McKinney)**

As set forth above, the Complaint fails to allege with plausibility that Detective McKinney's affidavit was false. Plaintiff fails to defeat probable cause. *See Halmos*, 404 F. App'x at 378. In addition, the Complaint contains only conclusory allegations that Detective McKinney acted with malice. (Amended Complaint ¶¶ 84 & 88.) Count V should be therefore dismissed.

6. **Count VI – Invasion of Privacy (Sheriff Judd, individual capacity)**

The alleged actions of Sheriff Judd pertaining to this claim are primarily that he made statements about Plaintiff. These statements were made incidental to his official duties. "As an executive officer, the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties." *Cobbs Auto Sales, Inc. v. Coleman*, 353 So. 2d 922, 923 (Fla. 4th DCA 1978). *Bates v. St. Lucie Cnty. Sheriff's Office*, 31 So. 3d 210, 213 (Fla. 4th DCA 2010). Therefore, Sheriff Judd has absolute immunity to this claim as alleged here.

Count VI should also be dismissed because a claim for invasion of privacy fails where there was probable cause. *See Feliciano v. City of Miami Beach*, 847 F. Supp. 2d 1359, 1368 (S.D. Fla. 2012). In addition, the "right to privacy does not prohibit the publication of matter which is of legitimate public concern." *Walker v. Florida Dep't of Law Enforcement*, 845 So. 2d 339, 340 (Fla. 3d DCA 2003) (citations omitted). Therefore, this claim should be dismissed with prejudice against Sheriff Judd.

7. **Count VII – Invasion of Privacy (Sheriff Judd, official capacity)**

This claim should be dismissed against Sheriff Judd in his official capacity because the invasion of privacy claim against Sheriff Judd in his individual capacity

fails, as set forth above. The agency cannot be held liable for Sheriff Judd's statements that are protected by absolute privilege. *See, e.g. Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, at *2 (S.D. Fla. Mar. 24, 2003) ("If a city official has absolute immunity against claims for defamation, then the city cannot be liable for defamation where the liability against the City is premised on *respondeat superior*."); *Gordon v. Beary*, No. 608-CV-73-ORL-19KRS, 2008 WL 3258496, at *9 (M.D. Fla. Aug. 6, 2008) (dismissing with prejudice the plaintiff's defamation claim against a sheriff in his official capacity).

Additionally, the claim for invasion of privacy fails because there was probable cause for the arrest and detention of Plaintiff. *See Feliciano*, 847 F. Supp. 2d at 1368. Moreover, the "right to privacy does not prohibit the publication of matter which is of legitimate public concern." *Walker*, 845 So. 2d at 340 (citations omitted).

Here there was probable cause for Plaintiff's arrest and detention; therefore, Count VII fails and should be dismissed.

**8.    Count VIII – Intentional Infliction of Emotional Distress (Sheriff Judd, individual capacity)**

"As an executive officer, the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties." *Cobbs*, 353 So. 2d at 923; *see also Bates*, 31 So. 3d at 213. The alleged conduct of Sheriff Judd on which Plaintiff bases her intentional infliction of emotion distress claim consists primarily of statements made by Sheriff Judd incidental to his duties. As set forth above, these statements are protected by absolute privilege, and Sheriff Judd cannot be held liable for the tort of

intentional infliction of emotional distress based on these protected statements. Count VIII should be dismissed with prejudice.

**C.     Plaintiff's Federal Claims Should Be Dismissed**

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." *Id.* "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id.* (quotation marks omitted). "Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Id.* at 734-35. "The standard is an objective one and does not include an inquiry in to the officer's subjective intent or beliefs." *Id.* at 735. "Whether an officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the operative fact pattern." *Id.* "Showing arguable probable cause does not, however, require proving every element of a crime." *Id.* "If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply." *Id.*

The Section 1983 claim should be dismissed against Sheriff Judd in his official capacity because Plaintiff fails to adequately allege a policy or custom that was the

moving force behind a constitutional violation.  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).

The Section 1983 claims against the individual defendants should be dismissed because they are protected from liability by qualified immunity.  "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."  *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).  Whether an officer is entitled to qualified immunity is a two-pronged analysis of whether the officer violated a clearly established constitutional right.  *See id.*  "The purpose of qualified immunity is to allow officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  *Poulakis v. Rogers*, 341 F. App'x 523, 525 (11th Cir. 2009) (internal citations and quotation marks omitted).  Qualified immunity protects from suit "all but the plainly incompetent or one who is knowingly violating the federal law."  *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003) (quotation marks omitted).  "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity."  *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003).  "Qualified immunity thus represents the rule, rather than the exception: Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity."  *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999) (quotation marks omitted).

Because Plaintiff does not appear to dispute that the actions at issue were within the course and scope of Sheriff Judd's and Detective McKinney's employment (*see, e.g.*

Doc. No. 19 ¶¶ 112 & 123), it is Plaintiff's burden to show why qualified immunity would not apply.  *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012).  The court "must grant qualified immunity" to the individual Defendants because Plaintiff cannot show that "that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation" by the individual defendants and that "the unlawfulness of the defendant's actions was 'clearly established' at the time of the incident." *Poulakis*, 341 F. App'x at 525.

"The inquiry whether a constitutional right is clearly established is undertaken in light of the specific facts of the case." *Moreno v. Turner*, 572 F. App'x 852, 855 (11th Cir. 2014) (affirming dismissal of an amended complaint because the plaintiff did not state a "plausible claim that his clearly established Fourth Amendment rights were violated").  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*  In order for a plaintiff to demonstrate clearly established law, the plaintiff must show that a materially similar case had already been decided by the United States Supreme Court, Eleventh Circuit, or Florida Supreme Court, or the plaintiff must show that the facts fall under the narrow exception where it would have been obvious to every reasonable officer that the conduct violated the plaintiff's constitutional rights. *Merricks v. Adkisson*, --F.3d---, No. 14-12801, 2015 WL 2264223, at *4 & *9 (11th Cir. May 15, 2015).

**1.      Count IX – Section 1983 (Sheriff Judd, individual capacity)**

Since Plaintiff does not contend that Sheriff Judd personally participated in her arrest, Plaintiff seeks to hold Sheriff Judd individually responsible simply because of his

position as the head of the Polk County Sheriff's Department. However, Sheriff Judd cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *Cook v. Sheriff of Monroe Cnty., Fla.,* 402 F.3d 1092, 1116 (11th Cir. 2005). A sheriff may be liable under § 1983 for the actions of an employee only when an official policy or custom is the moving force behind a constitutional violation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). A plaintiff must identify a "policy or custom" that inflicted the injury. *Id.* Plaintiff fails to sufficiently allege any policy or custom that caused a constitutional violation, and this claim should be dismissed with prejudice.

Moreover, the Section 1983 claim should be dismissed with prejudice against Sheriff Judd in his individual capacity because the Amended Complaint fails to sufficiently allege a constitutional violation, and even if it did, it was not clearly established. There was arguable probable cause for Plaintiff's arrest and detention. The Complaint fails to allege facts to defeat arguable probable cause. The allegation that there were no text messages does not preclude the existence of other evidence relied on. The allegation that the bullying of the victim did not occur immediately before the apparent suicide also fails to defeat probable cause. Plaintiff was not arrested for causing the victim's death but instead was charged with aggravated stalking. (Doc. No. 19 p. 2.) In addition, what head of agency would believe informing the public of the progress of an investigation and arrest would infringe on the rights of the accused? If that were the law, then any person whose charges are dropped or gets acquitted could sue the head of an agency merely for informing the public. This is clearly not the law. The existence of arguable probable cause provides qualified immunity and protects

Sheriff Judd from false arrest and false imprisonment claims under Section 1983.  *See Mack v. Mazzarella*, 554 F. App'x 800, 803 (11th Cir. 2014).

### 2. Count X – Section 1983 (Detective McKinney)

"A warrantless arrest does not violate the Constitution when probable cause to arrest exists."  *Moreno v. Turner*, 572 F. App'x 852, 856 (11th Cir. 2014).

The Section 1983 claim should be dismissed with prejudice against Detective McKinney in his individual capacity because there was no constitutional violation, and even if the Complaint sufficiently alleged a violation, there was arguable probable cause for Plaintiff's arrest and detention.  Again, the allegation that there were no text messages does not preclude the existence of other evidence relied on.  The allegation that the bullying of the victim did not occur immediately before the apparent suicide also fails to defeat probable cause.  Plaintiff was not arrested for causing the victim's death but charged with aggravated stalking.  (Doc. No. 19 p. 2.) The existence of arguable probable cause provides qualified immunity and protects Detective McKinney from false arrest and false imprisonment claims under Section 1983.  *See Mack*, 554 F. App'x at 803.

### 3. Count XI – Section 1983 (Sheriff Judd, official capacity)

This claim should be dismissed as to Sheriff Judd in his official capacity.  Plaintiff fails to allege a policy or custom that was the moving force behind a constitutional violation, as stated above.  *See Monell*, 436 U.S. at 694.

In addition, Plaintiff's allegations of training insufficiencies are improperly alleged in this count and should be separated into a separate count.  The allegations are also insufficient to state a claim for lack of training.  Even if a governmental entity

inadequately trains or supervises its employees, and an employee violates someone's constitutional rights, the entity is not automatically liable under section 1983. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The plaintiff must establish that the entity made a "deliberate or conscious choice," that is, that the entity "knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351. Because Plaintiff's claim fails to state a failure to train, it should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' state and federal claims should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2015 I electronically filed the foregoing with the Clerk of Court using the E-Portal system which will automatically transmit a copy to: HOWARD S. MARKS, ESQ., 200 S. Orange Avenue, Ste 800, Orlando, FL 32801, hmarks@burr.com; dmmorton@burr.com; and LAWRENCE G. WALTERS, ESQ., 195 W. Pine Avenue, Longwood, FL 32750, Larry@firstamendment.com; paralegal@firstamendment.com.

VALENTI CAMPBELL TROHN TAMAYO & ARANDA

By   /s/ Jonathan B. Trohn
     JONATHAN B. TROHN
     FL BAR #0880558
     j.trohn@vctta.com
     HANK B. CAMPBELL

Case 8:15-cv-00840-MSS-CPT   Document 22   Filed 06/05/15   Page 19 of 19 PageID 132

Florida Bar No. 434515  
h.campbell@vctta.com  
1701 South Florida Avenue  
Lakeland, Florida 33803  
P.O. Box 2369  
Lakeland, FL 33806-2369  
(863) 686-0043 (phone)  
(863) 616-1445 (facsimile)  
Attorneys for Defendants

00395512-1

19