**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROSEANN MICHELLE GILL, as Parent
and Next Friend of K.C.R., a minor,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 8:15-cv-840-T-35-AEP

GRADY JUDD, in his Official Capacity　　　　　*Dispositive Motion*
as the Sheriff of Polk County; GRADY
JUDD, individually; and JONATHAN
McKINNEY, individually,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR FINAL JUDGMENT ON THE PLEADINGS

Defendants, Grady Judd, in his Official Capacity as the Sheriff of Polk County; and Jonathan McKinney, individually, pursuant to Rule 12(c), Federal Rule of Civil Procedure, move for final judgment on the pleadings regarding the amended complaint filed by Plaintiff, Roseann Michelle Gill, as Parent and Next Friend of K.C.R., a minor.

### I. INTRODUCTION

Plaintiff's Amended Complaint contained eleven counts against Defendants. The Court dismissed Counts I-IX with prejudice. (Doc. 30.) The remaining counts are Section 1983 claims: Count X, false arrest against Detective McKinney; and Count XI, false against Sheriff Judd in his official capacity. (*Id.*) The Court previously made a finding that Detective McKinney and probable cause for Plaintiff's arrest. (*Id.*) Because the arrest allegedly occurred in K.C.R.'s house, and, although Plaintiff never alleged that there McKinney lacked consent to enter the home but only argued there was no probable cause for her arrest, the Court denied the motion to dismiss regarding these

two counts because Defendants "offered no justification" by exigent circumstances or consent for Deputy McKinney's presence in Plaintiff's home. (Doc. 30 p. 7.) Therefore, the sole remaining issue is whether Detective McKinney had consent to enter K.C.R.'s house.

## II. LEGAL STANDARD

"Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "As with a motion to dismiss, the [f]actual allegations must be enough to raise a right to relief above the speculative level." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011), *aff'd,* 719 F.3d 1245 (11th Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

## III. ARGUMENT

This Court has determined that McKinney had probable cause for Plaintiff K.C.R.'s arrest. (Doc. 30 p. 14.) However, because the arrest occurred at K.C.R.'s home, the Court found that an issue remained regarding whether Defendant McKinney had consent to enter the house.

Defendants move for judgment on the pleadings because Plaintiff never alleged or contended that Defendant McKinney did not have consent to enter the house. (Doc. 19.) The only allegation that even contains the word "consent" has to do with the elements of any false arrest claim – alleging that Plaintiff did not consent to arrest. (Doc. 19 ¶ 55.) Plaintiff never alleged – nor presented a single fact – that Defendants did not have consent to enter the house. Moreover, paragraph 55 was alleged in Count

I, and was neither alleged nor incorporated in any other count. Count I was dismissed with prejudiced. Plaintiff did not amend their complaint after the Court's order (Doc. 30) on Defendants' motion to dismiss.

Judgment on the pleadings in favor of Defendants is appropriate because the amended complaint "lacks sufficient factual matter to state a facially plausible claim for relief that allows the Court draw a reasonable inference that the defendant is liable for the alleged misconduct." *Walter Inv. Mgmt. Corp. v. Walter Energy, Inc.*, No. 8:14-CV-00796-T-EAK, 2014 WL 4452694, at *2 (M.D. Fla. Sept. 9, 2014) (explaining that a motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss) (citing *Bell Atl. v. Twombly,* 550 U.S. 544, 556 (2007)). When reviewing "only what is presented in the pleadings – the answer and the complaint – and any judicially noticed facts," in the light most favorable to Plaintiff, Plaintiff fails to state a claim for unlawful arrest in violation of her constitutional rights based on lack of consent to enter. *See Walter*, 2014 WL 4452694, at *2. Therefore, Defendants are entitled to judgment on the pleadings. *Id.*

## IV. CONCLUSION

Because the pleadings fail to even allege a lack of consent to enter the house, and because Defendant McKinney had probable cause for K.C.R.'s arrest, Defendants McKinney and Judd move for final judgment on the pleadings in their favor on Plaintiff's Amended Complaint. (Doc. 19.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to: HOWARD S. MARKS, ESQ., Burr & Forman, LLP, 200 South Orange Avenue, Suite 800, Orlando, FL 32801 (hmarks@burr.com; dmmorton@burr.com); and LAWRENCE G. WALTERS, ESQ., Walters Law Group, 195 West Pine Avenue, Longwood, FL 32750 (Larry@firstamendment.com; paralegal@firstamendment.com).

        s/Hank B. Campbell
        JONATHAN B. TROHN
        Florida Bar No. 880558
        j.trohn@vctta.com
        s.talcott@vctta.com
        k.cassata@vctta.com
        HANK B. CAMPBELL
        Florida Bar No. 434515
        h.campbell@vctta.com
        t.bennett@vctta.com
        JENNIFER M. VASQUEZ
        Florida Bar No. 71942
        j.vasquez@vctta.com
        VALENTI CAMPBELL TROHN
         TAMAYO & ARANDA, P.A.
        Post Office Box 2369
        Lakeland, Florida 33806-2369
        (863) 686-0043
        (863) 616-1445 Fax
        Attorneys for Defendants