UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.  8:15-cv-840-T-35AEP

ROSEANN MICHELLE GILL, as Parent
and Next Friend of K.C.R., a minor,

      Plaintiff,

vs.

POLK COUNTY SHERIFF'S OFFICE,
GRADY JUDD, individually, and
JONATHAN MCKINNEY, individually,

      Defendants.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

The Plaintiff and Defendants, through their respective counsel, and pursuant

to the Court's Order, hereby submit the following proposed jury instructions.

Except where noted the proposed jury instructions are adopted or adapted from the

Eleventh Circuit Pattern Jury Instructions.  Modifications within the Standard

Instructions have been clearly marked and identified on the instruction.  Contested

charges have been designated with the name of the requesting party and bearing at

the bottom a citation of authority for its inclusion, together with a summary of the

opposing party's objection.



EXHIBIT
E

1

## 1.1  General Preliminary Instruction Before Trial

<u>Members of the Jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is

2

direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

3

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiff asserts that on October 14, 2013, while at her home located in Lakeland, Florida, Defendant, Jonathan McKinney ("Defendant McKinney"), entered her home and arrested her without a warrant in violation of her constitutional rights.   The Plaintiff further asserts that Defendant, Polk County Sheriff's Office, has an official policy or custom that caused the constitutional violation that she asserts occurred and is thus liable for the actions of Defendant McKinney.

Defendant McKinney and Defendant, Sheriff Judd, deny these allegations and assert that Defendant McKinney had consent to enter the house and therefore the arrest was lawful. Defendant, Sheriff Judd, further asserts that the Polk County Sheriff's Office does not have an official policy or custom that caused the constitutional violation that Plaintiff asserts.

Burden of proof:

Plaintiff has the burden of proving her case by what the law calls a

5

"preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants McKinney and Sheriff Judd on opposite sides of balancing scales, Plaintiff needs to make the scales tip to her side. If Plaintiff fails to meet this burden, you must find in favor of the Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present her witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing

arguments to summarize and interpret the evidence for you, and then I'll give you

instructions on the law.

You'll then go to the jury room to deliberate.

**Eleventh Circuit Pattern Jury Instruction 1.1** Modified by agreement of the
parties to state the facts relevant to the instant matter.

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for

10

the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.7  In-Trial Instructions on News Coverage

Reports about this trial [or about this incident] may appear or may have appeared in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

Other than what will be or has been admitted in evidence in this trial, you must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Eleventh Circuit Pattern Jury Instruction No. 2.7**  Modified to add the phrase "Other than what will be or has been admitted in evidence in this trial" as the first sentence of paragraph 2 by agreement of the parties.

## 3.1 Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.3  The Duty to Follow Instructions - Government Entity of Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

## 3.3  Consideration of Direct and Circumstantial Evidence;
##       Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4  Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1  Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**PLAINTIFF'S PROPOSED**
**3.7.1   Responsibililty for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of Evidence**

In this case each party asserting a claim or defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."   This is sometimes called the "burden of proof" or the "burden of persuasion."

A "Preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence, you should find against the party making that claim or defense.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

You may have heard the phrase beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

**Eleventh Circuit Pattern Jury Instruction No. 3.7.1** - Modified to add the last paragraph " You may have heard the phrase beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this."

**DEFENDANT OBJECTS**

**DEFENDANT'S PROPOSED**
**3.7.1    Responsibililty    for    Proof—Plaintiff's    Claim[s],    Cross    Claims, Counterclaims - Preponderance of Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "Preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Eleventh Circuit Pattern Jury Instruction No. 3.7.1** -

**PLAINTIFF OBJECTS**

23

**Special Instruction requested by the Plaintiff**

**<u>Claims of Parties</u>**

In your deliberations you are to consider the claims that Plaintiff has brought against Defendant McKinney and Defendant Polk County Sheriff's Office.

Plaintiff has brought the following claim against the following Defendants: (1) a Federal Civil Rights Claim pursuant to <u>42 U.S.C. § 1983</u> against Defendant McKinney; and (2) A Federal Civil Rights pursuant to <u>42 U.S.C. § 1983</u> against Defendant Polk County Sheriff's Office.

**Defendant's Objections:**

24

**Instruction Requested by Plaintiff**

**5.2  Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim – Private Person Alleging Unlawful Arrest**

**5.6  Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability (Incorporated into Instructions for Claims against Individual Defendants)**

In this case, Plaintiff claims that Defendant McKinney, while acting under color of law, intentionally deprived her of her rights under the United States Constitution.

Specifically, Plaintiff claims that while Defendant McKinney was acting under color of law as a member of the Polk County Sheriff's Office, Defendant McKinney intentionally committed acts that violated Plaintiff's constitutional right to not be unlawfully arrested or seized in her house without a warrant.

Under the Fourth Amendment to the United States Constitution, every person in his or her home has the right not to be seized or arrested without a warrant, although an officer may enter a home for the purpose of affecting a warrantless arrest if the officer has consent.[1]

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally commits acts that violate the person's rights under the United States Constitution.

---

[1] Defendant request the addition of the following language:  In this case, the Court has already determined that Defendant McKinney had probable cause for Plaintiff's arrest.  Therefore, the only issue for you to decide is whether Defendant McKinney had consent to enter the house.

25

To succeed on this claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   That Defendant McKinney intentionally committed acts that violated Plaintiff's federal constitutional right not to be arrested or seized at home without consent to enter the home;

Second: That Defendant McKinney acted under color of law; and

Third:  That Defendant McKinney's conduct caused Plaintiff's injuries.

Plaintiff claims there was an unlawful arrest of Plaintiff in her home.  The Constitution protects against unlawful arrests.  The general rule is that a law enforcement officer must get a warrant from a judicial officer before conducting any arrest of a person in her home.  But there are certain exceptions to this general rule.  One exception is an arrest conducted by consent.[2]  If a person in lawful possession of a home freely and voluntarily invites or consents to an arrest in their home law enforcement officers may reasonably and lawfully conduct the arrest.[3]

---

[2] Defendant request the addition of the following language:  The "prohibition on warrantless in-home arrests does not apply to situations where voluntary consent to enter has been obtained." *Bashir v. Rockdale Cnty., Ga.,* 445 F.3d 1323, 1328 (11th Cir. 2006).  Consent must be given by an occupant of the home. *Lawrence v. Gwinnet Cnty.,* 557 F.App'x 864, 871 n.8 (11th Cir. 2014); *Unites States v. Harris,* 713 F.2d 623, 625 (11th Cir. 1983); *Unites States v. Sonntag,* 684 F.2d 781, 786 n.3 (11th Cir. 1982).

[3] Defendant requests the addition of the following language:  You must decide, when considering the totality of the circumstances, whether the officer had "an objectively reasonable, good-faith belief that he had consent to enter the residence." Lawrence v. Gwinnett Cnty., 557 F. App'x 864, 871 (11th Cir. 2014). The lack of any objection to the officer's presence once inside the home may be considered in the totality of the circumstances to determine whether the officer was

For the second element, the parties have agreed that Defendant McKinney acted under color of law. So you should accept that as a proven fact.

For the third element, Defendant McKinney's conduct caused Plaintiff's injuries if Plaintiff would not have been injured without Defendant McKinney's conduct, and the injuries were a reasonably foreseeable consequence of Defendant McKinney's conduct.

Plaintiff claims that Sheriff Judd, who employed Defendant McKinney, is liable for violating Plaintiff's constitutional rights. You should consider whether Defendant, Sheriff Judd, is liable only if you find that Defendant McKinney violated Plaintiff's constitutional rights.

Sheriff Judd is not liable for violating Plaintiff's constitutional rights simply because he employed Defendant McKinney. Rather, Sheriff Judd is liable if Plaintiff proves that an official policy or custom of Sheriff Judd directly caused her injuries. Put another way, Defendant, Sheriff Judd, is liable if the official policy or custom was the moving force behind Plaintiff's injuries.

---

objectively reasonable in believing he had consent. Lawrence v. Gwinnett Cnty., 557 F. App'x 864, 871 n.8 (11th Cir. 2014). Consent gained by trickery or by overwhelming force is not voluntary. Moore v. Pederson, 806 F.3d 1036, 1039 (11th Cir. 2015). However, consent may be given by yielding the right-of-way, Holmes v. Kucynda, 321 F.3d 1069, 1078-79 (11th Cir. 2003); United States v. Ramirez-Chilel, 289 F.3d 744, 751 (11th Cir. 2002), by submitting to officers' instructions, Moore v. Pederson, 806 F.3d 1036, 1051 (11th Cir. 2015), or may be indicated by body language, Bashir v. Rockdale Cnty., Ga., 445 F.3d 1323, 1328 (11th Cir. 2006).

27

An "official policy or custom" means:

(a)    A rule or regulation created, adopted, or ratified by Defendant Sheriff Judd; or

(b)    A policy statement or decision made by Defendant Sheriff Judd, as policy maker for Polk County Sheriff Office; or

(c)    A practice or course of conduct that is so widespread that it has acquired the force of law — even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that the Defendant Sheriff Judd either knew of it or should have known of it.

Defendant Sheriff Grady Judd is the Polk County Sheriff's Office's "policy maker."

If you find in Plaintiff's favor for each fact that she must prove, you must decide the issue of her compensatory damages. To recover compensatory damages Plaintiff must prove by a preponderance of the evidence that she would not have been damaged without Defendants' conduct, and the damages were a reasonably foreseeable consequence of Defendants' conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendants.   And you must not base these

28

compensatory damages on speculation or guesswork.

To determine whether and how much Plaintiff should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Plaintiff does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiff has proved them by a preponderance of the evidence, and no others: List recoverable damages, *e.g.*:

(a) Plaintiff's physical pain, suffering, or discomfort and any such physical pain, suffering or discomfort that K.C.R is reasonably certain to experience in the future; and,

(b) Plaintiff's mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that Plaintiff is reasonably certain to experience in the future.[4]

---

[4] Defendants object to an instruction that Plaintiff may seek future damages; seeking ongoing medical distress damages contradicts Plaintiff's position that she suffered only garden variety mental distress. See *Barnello v. Bayview Loan Servicing, LLC,* No. 614Cv1383ORL41TBS, 2015 WL 6165277, at *2 (M.D. Fla. Oct. 20, 2015.) (finding that the plaintiff's mental condition was in controversy) (citing *Reaves,* 2011 WL 4837253 at *3; *Laney v. Hosp. Bd. Of Dirs. Of Lee Cnty.,* 2010 WL 2540598, at *3 (M.D. Fla. June 22, 2010) ("Plaintiff herself testified at her deposition over one year after she was terminated that she continues to suffer mental anguish, depression, humiliation, and anxiety as a result of her termination and is seeking damages for these alleged emotional injuries."); *Gray v. State of Fla.,* 2007 WL 2225815, at *2 (M.D. Fla. July 31, 2007) (finding that the plaintiff's

You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Plaintiff, K.C.R., has submitted no credible evidence of injury; or, (b) Plaintiff, K.C.R.'s, injuries have no monetary value or are not quantifiable with any reasonable certainty.

**Authority: <u>Eleventh Circuit Pattern Jury Instruction No. 5.2</u> Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim –Private Person Alleging Unlawful Arrest and <u>Eleventh Circuit Pattern Jury Instruction No. 5.6</u> Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability (Incorporated into Instructions for Claims against Individual Defendants)**

**Defendants' Objections delineated in footnotes.**

---

mental condition was in controversy where her alleged depression was ongoing and exacerbated by the defendant's conduct); *Schlunt v. Verizon Directories Sales-W., Inc.*, 2006 WL 1643727, at *3 (M.D. Fla. June 12, 2006) ("The Court finds Plaintiff's explicit statements that she is still having trouble sleeping and that emotionally she has not recovered and does not believe she ever will, are sufficient to put her mental condition in controversy."); (*Ali*, 162 F.R.D. at 168.).

30

**Instruction Requested by Plaintiff**

**Punitive Damages Instruction To Incorporate as part of Eleventh Circuit Pattern Jury Instruction No. 5.2   Civil Rights – 42 U.S.C. § 1983 Claims**

**Punitive Damages:**   Plaintiff also claims that Defendant McKinney's acts were done with malice or reckless indifference to Plaintiff's federally protected rights, which would entitle Plaintiff to an award of punitive damages in addition to compensatory damages.   Plaintiff must prove by a preponderance of the evidence that she is entitled to punitive damages.

If you find for Plaintiff and find that Defendant McKinney acted with malice or reckless indifference to Plaintiff's federally protected rights, the law allows you, in your discretion, to award Plaintiff punitive damages as a punishment for Defendant McKinney and as a deterrent to others.

Defendant McKinney acts with malice if his conduct is motivated by evil intent or motive.   Defendant McKinney acts with reckless indifference to the protected federal rights of Plaintiff when Defendant McKinney engages in conduct with a callous disregard for whether the conduct violates Plaintiff's protected federal rights.

31

If you find that punitive damages should be assessed, you may consider the evidence regarding Defendant McKinney's financial resources in fixing the amount of punitive damages to be awarded.

**Authority:**  **Refer to Eleventh Circuit Pattern Jury Instruction No. 5.2**

**Defendants' Objection:**

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

33

**3.9  Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

34