**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROSEANN MICHELLE GILL, as Parent
and Next Friend of K.C.R., a minor,**

    **Plaintiff,**

v.                                                        **Case No: 8:15-cv-840-MSS-TBM**

**JONATHAN MCKINNEY**

    **Defendant.**

___

## ORDER

**THIS CAUSE** comes before the Court for consideration Plaintiff's Renewed Motion for Judgment as Matter of Law and/or Motion for New Trial, (Dkt. 108), and Defendant's response in opposition thereto. (Dkt. 115) On May 3, 2017, the jury rendered a verdict in favor of Defendant Johnathan McKinney regarding Plaintiff's §1983 claim that Defendant violated her constitutional rights when he arrested her at her home in October 2013. (Dkt. 101) Plaintiff seeks judgment as a matter of law or, alternatively, a new trial, for the following reasons: (1) there was a lack of evidence of Defendant's consent to enter Plaintiff's residence, (2) Defendant was unable to obtain lawful consent to enter Plaintiff's residence, and (3) the Court gave a wrong answer to the jury regarding whether the screened-in porch was a part of the home. (Dkt. 108)

Rule 50 of the Federal Rules of Civil Procedure provides that a court should grant judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find in favor of one party on a particular issue. Fed. R. Civ. P. 50(a). In considering a motion for judgment as a matter of law, all reasonable inferences must

be drawn in favor of the nonmoving party.  Gowski v. Peake, 682 F.3d 1299, 1310-1311 (11th Cir. 2012).  The Court is not permitted to substitute its own judgment concerning "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts," as those are the functions of the jury.  Id. (quoting Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150 (2000)).  Therefore, "judgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict."  Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1246 (11th Cir. 2001).  "If there is substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." Christopher v. Florida, 449 F.3d 1360, 1364 (11th Cir. 2006) (internal citations and quotation marks omitted).

It is well-settled that "[f]or a court to be obligated to consider a post-trial motion for judgment as a matter of law, the moving party must have made a motion for such a judgment under Rule 50(a) at the close of all the evidence."  Aerospace Marketing, Inc. v. Ballistic Recovery Systems, Inc., 2005 WL 2290252, *1 (M.D. Fla. Sept. 19, 2005) (Steele, J.) (citing Blasland, Bouck & Lee, Inc. v. City of North Miami, 283 F.3d 1286, 1300 (11th Cir. 2002)).  Additionally, "[b]ecause the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion."  Connelly v. Metropolitan Atlanta Rapid Transit Authority, 764 F.3d 1358, 1363-1364 (11th Cir. 2014).

Pursuant to Rule 59(a), a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  "Recognized

grounds for a new trial include: the verdict was against the clear weight of the evidence, the damages were excessive, there were substantial errors in admission or rejection of evidence or instructions to the jury, or the trial was otherwise not fair to the moving party." See Cornish ex rel. St. Paul Fire & Marine Ins. Co. v. Renaissance Hotel Operating Co., 2008 WL 1743861, *1 (M.D. Fla. 2008) (citing Steger v. Gen. Elec. Co., 318 F.3d 1066, 1081 (11th Cir. 2003)).  "Because it is critical that a judge does not merely substitute his [or her] judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence."  Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation omitted).

Plaintiff's first rationale, that there was a lack of evidence of Defendant's consent to enter Plaintiff's residence, is without merit because there was evidence that Mr. Roman, Plaintiff's father, gave Defendant consent to enter the home.  There was testimony at trial that supported Defendant's account that Mr. Roman answered the door for the officers, went away to secure his dog, opened the door widely, and stepped back to allow the officers to enter.  Although Plaintiff presented evidence to the contrary, the Court cannot engage in the making of "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts," as those are the functions of the jury.  Gowski, 682 F.3d at 1310-1311 (quoting Reeves, 530 U.S. at 150). Therefore, judgment as a matter of law or new trial is not warranted on this basis.

The second rationale, that Defendant McKinney was unable to obtain lawful consent because he "did not have the legal right to set foot on the front porch in an effort to arrest Plaintiff," is based on a non-binding Ninth Circuit decision,  U.S. v. Lundin, 817

F.3d 1158 (9th Cir. 2016), that found that the "knock and talk" exception to the warrant requirement does not apply when officers encroach upon the curtilage of a home with the subjective intent to arrest the occupant. The Court is not aware of and Plaintiff does not cite any binding authority within the Eleventh Circuit finding the same. In a §1983 action, a law enforcement officer is entitled to qualified immunity from suit where the constitutional right that was allegedly violated is not "clearly established." <u>Dang by & through Dang v. Sheriff, Seminole Cty. Florida</u>, 856 F.3d 842, 849 (11th Cir. 2017) (citations omitted) "In this circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." <u>Stephens v. DeGiovanni</u>, 852 F.3d 1298, 1316 (11th Cir. 2017). Thus, even assuming that Defendant's entering Plaintiff's porch was a violation of Plaintiff's constitutional rights, Plaintiff has not shown that such rights were clearly established under binding law. The Court need not resolve this issue on this record, however, because ground is procedurally defective as it was not raised during Plaintiff's pre-verdict motion for judgment as a matter of law or at any other point in this litigation. Thus, the court declines to grant either judgment as a matter of law or a new trial on this basis.

The third rationale, that the Court provided an incorrect answer to the jury regarding whether the screened-in porch was a part of the home, is also without merit. During deliberations, the jury asked the following question, "By law is the screened-in front porch considered part of the house?" The Court answered, "No, not for the purpose of this case." The Court based this answer on the finding that Plaintiff presented no argument or allegation as to the screened-in porch's characteristics or the officers' entry

therein. Plaintiff did not mention the screened-in porch at any point during this litigation. Neither Party made arguments to the jury regarding the screened-in porch. Indeed, Plaintiff's counsel conceded, "I just think it's irrelevant to [the jury's] determination here ultimately," and that the issue "hasn't been briefed." (Dkt. 109-1 at 11) The Court's answer is in line with both <u>Florida v. Jardines</u>, 133 S.Ct. 1409 (2013), and <u>United States v. Holmes</u>, 143 F. Supp.3d 1252 (2015). These cases demonstrate that although both the home and the curtilage of the home are entitled to Fourth Amendment protection, the type of consent to enter such areas depends on the categorization. Here, there was insufficient evidence to categorize the screened-in porch as part of the home, rather than the curtilage of the home. Likewise, Plaintiff presented no evidence that the officers did not have an implied license to enter such curtilage. Notably, Plaintiff's counsel never mentioned the screened-in porch in his oral pre-verdict motion for judgment on the pleadings or in his closing argument. Thus, it was appropriate for the Court to exclude the screened-in porch from the jury's consideration of whether Defendant had consent to enter the home.

Accordingly, it is hereby **ORDERED** that Plaintiff's Renewed Motion for Judgment as Matter of Law and/or Motion for New Trial, (Dkt. 108) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of September, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person